J-S60002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VERNON JERMELLE VEREEN, | |
| Appellant | No. 1668 WDA 2016 |

Appeal from the PCRA Order October 25, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013527-2014

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY OLSON, J.:            **FILED NOVEMBER 14, 2017**

Appellant, Vernon Jermelle Vereen, appeals from an order entered on October 25, 2016 that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On November 4, 2015, Appellant pled guilty to one count of unauthorized use of a motor vehicle, 18 Pa.C.S.A. § 3928(a). On the same day, the trial court sentenced him to a two-year period of probation and ordered him to pay restitution and participate in drug and alcohol treatment.

The PCRA court provided the following summary of the ensuing procedural facts.

> On November 10, 2015, [Appellant] submitted a *pro se* motion to withdraw his guilty plea. The court forwarded the *pro se* pleading to [plea counsel]. On February 26, 2016, [plea counsel] sought leave to withdraw from the case, and his request was granted that same day. The Office of the Public Defender was appointed to represent [Appellant] in any post-

*Former Justice specially assigned to the Superior Court.

conviction matters. On August 24, 2016, PCRA [c]ounsel filed an[a]mended PCRA [p]etition claiming that [plea counsel] provided ineffective assistance of counsel because he failed to file a post-sentence motion seeking to withdraw [Appellant's] plea. The petition alternatively claimed that he provided ineffective assistance by failing to withdraw from representation earlier so that another attorney could file a timely post-sentence motion. PCRA [c]ounsel additionally claimed that [plea counsel] provided ineffective assistance of counsel because he caused [Appellant] to enter into a plea that was not intelligently, knowingly, or voluntarily made. On October 5, 2016, the Commonwealth filed its [a]nswer to the PCRA [p]etition agreeing that an evidentiary hearing was warranted based on the nature of the claims. A PCRA Hearing was subsequently held on October 26, 2016. After considering the testimony and arguments presented at the hearing, as well as the evidence of record, the [PCRA] court found no merit to [Appellant's] claims, and [] denied his PCRA [petition] that same day. This timely appeal followed.

PCRA Court Opinion, 2/22/17, at 2.

Appellant raises the following issues, which he preserved in a timely concise statement filed on November 28, 2016 pursuant to Pa.R.A.P. 1925(b).

Did the [PCRA] court err when it failed to find [plea counsel] ineffective for not filing a post-sentence motion to withdraw [Appellant's] guilty plea or seeking to withdraw his representation so another counsel could timely file said motion?

Did the [PCRA] court err and/or abuse its discretion when it failed to find [plea counsel] ineffective because he was not adequately prepared to take [Appellant's] case to trial, which caused [Appellant] to enter a guilty plea that was not intelligently, knowingly, and voluntarily made?

Appellant's Brief at 4.

We have carefully reviewed the certified record, the submissions of the parties, and the opinion of the PCRA court. Based upon our review, we

conclude that the court adequately and accurately addressed the issues raised on appeal. **See** PCRA Court Opinion, 2/22/17, at 2-12. Accordingly, we affirm for the reasons expressed by the PCRA court and adopt its opinion as our own. The parties are instructed to include a copy of the PCRA court's opinion with all future filings relating to our disposition in this appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2017

(N THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA, CRIMINAL DIVISION

vs,                                    CC No, 2014-13527

VERNON JERMELL-E VEREEN,

    Defendant.

## OPINION

This is an appeal from an Order entered on October 26, 2016, denying the Defendant's Amended Petition under the Post-Conviction Relief Act ("PCRA"), The Defendant originally had been charged with Receiving Stolen Property (18 Pa. C.S.A 53925), Registration and Certificate of Titte Required (75 Pa. C.S.A. §1 301), Operation of Vehicle without Official Certificate (75 Pa. C.S.A. §4703(a)), and Failure to Obtain Emission Certification (75 Pa. C.S.A„ §4706(c)(5)). On November 4, 2015, the Defendant pled guillY to one (1) count of Unauthorized IJs;c or a Motor Vehicle (18 Pa. C.S,A. S3928(a)). Ali other charges were withdrawn. The Defendant was sentenced that same day to a two (2) year period ot probation, and he was ordered to pay restitution in the amount of $2,095 to He;tz Vehicle. The Defendant

also was ordered to participate in drug and alcohol treatment.

On November 10, 2015, the Defendant submitted a pro se motion to withdraw his guilty plea. The f0Nvarded the pro se pleading to his attorney, Patrick J. Thomassey. On Februaty 26, 201 6, Attorney Thomassey sought leave to withdraw from the case, and his request was granted that same day. The Office of the Public Defender was appointed to represent the Défendànt in any post-conviction matters. C)ñ

August 24, 20] 6, PCFRA Counsel tiled an Amended PCRA Petition Claiming that

Allorney Thomassey provided ineffective assistance of counsel because he failed to filo a post-sentence motion seeking to withdraw the Defendant's plea. (Amended PCFRA Petition, 8/24/16i, p. 6) The petition alternatively claimed that he provided ineffective assistance by failing to withdraw from representation earlier so that another attorney could tiEe a timely post-sentence motion. ('d.)i PCRA Counsel additionally claimed that Attorney Thomassey provided ineffective assistance of counsel because he caused the Defendant to enter into a plea that was not intelligently, knowingly, or voluntarily made, (Id.). On October 5, 2016, the Commonwealth filed its Answer to the PCRA Petition agreeing that an evidentiary hearing was warranted based on the nature of the claims. (Commonwealth's Answer to PCRA Petition, 10/5/16, pp. 4-5). A PCRA Hearing was subsequently held on October 26, 2016. After considering the testimony and arguments presented at the hearing, as wall as the evidence of record, the court found no merit to tho

Defendant's claims, and it denied his PCFRA that same day. This timely appeal followed.

On November 28, 2016, the Defendant tiled a timely Concise Statement of Errors

Complained of on Appeal ("Concise SfaÈement"), raising two (2) issues for review:

a. The Trial Court erred and/or abused its discretion when it failed to find Attorney Thomassey ineffective for failing to file a post"sentence tnotion ta withdraw Mr. Vereen's guilty plea or failing to seek to withdraw.hig representation so another counsel cauld file said motion before the time to do so expired, These omissions deprived Mr. Vereeti the assistance of counsel under the Sixth Amendment of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution,

b, The Trial Court erred and/or abused its discretion when it failed to find Attorney Thomassey ineffective because he was not adequately prepared to take Mr. Vereen's case to trial. Attorney Thomassey [1] s inactions caused Mr. Verecn to enter a guilty plea that was not intelligently, knowingly and voluntarily made. Accordinglyt Mr. Vereen was deprived the assistance of counsel under the Sixth Amendment {'f the United States; Constitution and Article I , Section g of the Pennsylvanta Constitution.

(Concise Statement, pp. 2-3). The Defendants allegations of error on appeal are without merit, Respectfully, this courts October 26, 2016 Order denying the

Defendant's Amended PCRA petition should be upheld for the reasons that follow.

# I. DISCUSSION

A. This court did not abuse its discretion by refusing to find that Mr. Thomassey provided ineffective assistance of counsel by not filing a post-sentence motion and/or by not seeking to withdraw from the case earlier so that another attorney could file a timely post-sentence motion.

"[Tlho standard 01 review regarding an order denying a petition under the PCIRA is whether the determination of the PCRA COUlt is supported by [he evidence of record and is free of legal error." <u>Commonwealth v. Turetsky</u>, 925 A.2d 876, 879 (Pa. Super 2007) (citing <u>Commonweath v.</u> 870 A.2d 795, 799 (Pa. 2005)). "The court's scope 01 review is hrnitad to the findings al the PCIRA court and the evidence on the

3

record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." <u>Commonwealth v. Duffy</u>, gg9 A.2d 56, (Pa. 2005). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." <u>Turetsky,</u> supra, at 879 (citing <u>Commonwealth v. Carr</u>, 768 A.2d 164, 1 166 (Pa. Super. 2001).

It is well-settled that, in order to "prevail on a claim alleging counsel's ineffectiveness under the PCHA, la defendant] must demonstrate (1 ) that the undertying claim is of arguable merit; (2) that counsel[1]s course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.',

Commonwealth v. Bracey, 795 A.2d 935, 942 (Pa. 2001) (internal citations omitted). "A reasonable, probability is a probability that js sufficient to undermine confidence in the outcome of the proceeding." Commonwealth v. Spotz, 84 A.3d 294, 312 (Pa. 2014) (quoting Çommonweafth v. Ali, 10 A.3d 282, 291 (Pa. 2010)). The burden is on the defendant to prove atl three (3) prongs 01 tho test by a preponderance of the evidence. Turetskyj sup/QQl at 880. "Where il is clear that a [defendantl has failed to meet any of the three, distinct prongs of the test, the claim may be disposed of on that basis one, without a determination of whether the other two prongs have been met."

al Commonwealth v. Steele, 961 A.2d 786, 797 (Pa. 2008),.

4

As noted, the Defendant first claims that this court erred and/or abused its discretion when it failed to find that

Attorney Thomassey provided ineffective assistance "for failing to file a post-sentence motion to withdraw" his plea or for failing to withdraw from the case so that another attorney could file a timely post sentence motion. (Concise Statement, pp.2-3), The Defendant's first allegation of error must fail because hõ cannot prove that he suffered actual prejudice from Attorney Thornasscy•Š failure 10 file a post-sentence motion iri this case.

As an initial matter, the court notes that PCRA Counsel attempted to argue at the PCRA Hearing that Attorney Thomassey provided per se ineffective assistance of counsel by failing to file a post„sentence motion. (PCRA Hearing Transcript ("HT"), 10/25/16i p, 26), However, the decision in Commonwealth v. Reaves, 923 A.2d 1 i 19, 1 23 (Pa. 2007) forecloses the argument that the failure to file a post-sentence motion constitutes per se ineffective assistance of counsel. In Reaves, our Supreme Court explained that a defendant c}aiming ineffective assistance of counsel on the grounds that his counsel railed to file a post-sentence motion must prove actual prejudice in accordance with Strickland v, Washington, 466 U.S. 668 (1984) and Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987). The Court explained that, unlike a situation where counsel failed to preserv•e a defendant's right to a direct appeal, the failure to lile al' optional past-sentence motion does not comple\ely foreclose appellate review, but rather "narrows the ambit" of the claims that could be raised on direct appeal. Reaves, supãd, at 1 128-29. Therefore, the proper test for determining whether

counsel provided ineffective assistance in the context of fai}ing to fi*e a post-sentence motion is the traditional three-prong test outlined in Strickland v. Washington, supra, and Commonwealth v. Pierce, supra, which requires a showing of actual prejudice. Id. at 1 1 29.

The Defendant cannot Show that he suffered actuat prejudice from not having a counseled posfrsentenc,e motion filed seeking to withdraw his guilty plea, The Defendant's pro se motion to withdraw his submitted less than a week after his plea hearing, was mainly based on a claim of actual innocence for a crime to whith he did not even plead guilty. (Pro se Motion with Withdraw Guilty Plea, 11/10/15, ¶¶ 12, 14, 15), The Defendant was not challenging the reasonableness of his sentence, nor was he challenging the weight or sufficiency of evidence supporting his conviction under 18 Pa. C.S.A. §3928(a). The sole form of relief requested was the withdrawal ot his plea based on a blanket assertion of innocence, and this court is beyond confident that any counseled motion seeking to withdraw his guilty plea would have been denied without hesitation because the Defendant would have been unable to show manifest injustice. See Cornmanwoallh ι. Yeomans, 24 A.3d 1044, 1046 (Pa. Super. 201 i ) ("IA] defendant who altempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before

withdrawal is justified. A showing of manifest injustice may be established if the piea was entered into involuntarily, unknowingly, or unintelligently.").

This court conducted a thorough plea coiJoquy with. the Defendant at the time of his plea and sentencing, and for the reasons set forth in Section of this Opinion, the Defendant's decision to plead guilty was intelligently, knowingly, and voluntarily made. Any claim to the contrary is completely belied by the evidence of record. Thus, even if Attorney Thomassey had tiled a timely postsentence motion seeking to

Withdraw the Defendant'$ guilty plea, or even if he had sought leave to withdraw so that another attorney could tile a timely post- sentence motion, any postsentence motion seeking to withdraw the Defendant's plea would have been denied by this court.

Accordingly, the Defendant[1]s fir$t allegation of' error is entirely without merit because the Defendant cannot demonstrate that there existed "a reasonable probability that but for the . omission in question the outcome of the proceeding would have been different. "Bracey, supra, at 942. Based on the foregoing, it is clear that this court did not abuse its discretion in denying PCRA reliëf on this basis, and the Detendant[1]s first allegatíon of . error should be rejected on appeal.

    B. This court did not abuse its discretion when it
    failed to find that

Attorney Thomassey caused the Defendant to enter into an unknowing, involuntary, unintelligent plea.

In his second allegation of error, the Defendant contends that Attorney

Thornassey was not "adequately prepared to take [the] casc to trial" and that Attorney Thomasscy's "inactions" caused the Defendant to "antar a guilty plea Ihat was not intelligently, knowingly and voluntarily made. (Concise Statement, p. 3). Again, this claim has no merit and is directly contradicted by the record.

At the Defendant's plea hearing on November 4, 2015i the Defendant confirmed that: (1) he was not under the influence of any drugs, alcoholi or medication that would impair his ability to understand the proceedings or participate in them, (2) he was not suffering from any mental illness or infirmity that would affect his decision making abilities, (3) he was not threatened or coerced into Pleading guilty, (4) he was not offered any promises in exchange for his decision to plead guilty, (5) he tuny and completely understood the naturo and the cqemeñts of the charge to which he was pleading guilty, (6) he completed the Guilty-Plea Explanation of Rights Form with the advice, assiŠtance and supervision of Attorney Thomassey, (7) he read and understood each question on the

form, (8) he answered all of the questions on the form truthfully and honestly, and (9) he decided to plead guilty to the unauthorized use charge because he was, in fact, guilty of that crime. (Plea Hearing Transcript ("PH"), 1 1/4/15, pp. 4-7),

At the PCRA Hearing, Attorney Thomassey expounded on the details of his representation and confirmed that the Defendant's main goal was ta plead guilty to the unauthorized use so that his detainer could be lifted on another case, thereby allowing him to be released from jail. (HT, pp. 5, 10)- Mr. Thomassey confirmed in his lestitnony that he mat with the Detendant several times at the jail prior to the hearing, and, in accordance with his consistent practica over the last (40) years ot practicing criminal raw, he reviewed the discovery and discussed the case, as well as any possible defenses, with the Defendant. (H T, pp. 6-7, 9-10). Attorney Thornassey did not see any viable defenses to the charges, and the Defendant never discussed any witnesses or evidence that could exculpate him. (HT, p. 7). Based on his experience, hi$ review of the case and his discussions with his client, Attorney Thomassey advised the Defendant that he believed that he could get the

11

detainer lifted if the Defendant pled guilty to the unauthorized use Charge. (HT, pp. g, •t i ), The Defendant indicated to Attorney Thomassey that he was in complete agreement with that strategy. (HT, p. 8) . Attorney Thomassey indicated -that he was "very surprised 'i when he later received the Defendant's pro se motion to withdraw his guilty plea because the Defendant "got what he wanted." (HT, p, I l ).

The Defendant also testified at the PCRA Hearing, (HT, pp. 12-24). The Defendant testified that Attorney Thomassey forced him to enter the guilty plea, arid he claimed that he had defense to the charge in that he "rented the car." (HT, p, 15) .The Defendant further stated that Attorney Thomassey never discussed the pros and cons of going to trial and that he never discussed the benefits of a jury trial versus a non-jury trial. (HT, p. 16). When confronted with the statements he made during his oral piea colloquy, as well as the answers contained on the written Guilty Plea-Explanation of Rights Form, the Defendant suddenJy had no memory Of the many statements that he made in his oral and written plea colloquies evincing understanding, and he essentially claimed that he lied throughout the plea proceedings. (H T, pp. 14-15,18).

12

Specifically, the Defendant testified that (I ) he did not complete the written plea form, (2) it was not his handwriting on the form, and (3) he did not recall being asked during the plea hearing whether he had the advice, assistance, and supervision of Attorney Thomassey while filling out the form. (H T, pp. 18-19). The Defendant also responded "yes" when thiŠ coun specifically asked whether he had lied during the colloquy, and he further claimed that he was promised that his detainer would be lifted it he pled guilty, directly contradicting the statements he had made under oath at the plea hearing. (HT, pp. 20). The Defendant also confirmed that hie; "chief complaint" in his motion was that he had evidence proving his innocence, in that he "rented the car." (HT, p. 22). When asked about the part of the plea form that explained he was giving up the right to present any defenses by pleading guilty, the Defendant again coufd not recall that question or his answer thereto. (HT. p, 23).

In sum, the Defendants testimony during the PCRA Hearing completely contradicted nearly every statement he had made throughout the plea proceedings and on the written colloquy form. The law is clear that "[a] person who (êEects to plead guilty is bound by the statements ho makes in open court while under oath and he may not later assort grounds for withdrawing the plea which contradict

the statements he made at his plaa colloquy." Commonwealth v. Pollard, 832 A.'2d 517, 523 (Pa. 2003). Indeed, the "longstanding rule of Pennsylvania law is that a defendant may not chal|enge his guilty plea hy asserting that he lied while under oath, even it he avers that counsel induced the lies," Yeomans, supra, at 1047. As our appellate court has explained, "a defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot) permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel." Pollard, supra,. at 523-24.

The Defendant testifièd at his plea hearing that he was pleading guilty because he was, in fact, guilty, and the evidence of record established that the Defendant knowingly, voluntarily, and intelligentiy entered his guilty plea. Mr. Thomassey discharged his duty of providing competent representation, and none of his actions or inactions caused an involuntary plea. To the contrary, based on their conversations, the highly seasoned and experienced attorney obtained exactly the result that the Defendant was seeking.

To grant PCRA relief in this case would require the reviewing court to accept that the Defendant lied under oath during both his written and oral plea colloquies, and then reward him for doing so. Respectfully, the reviewing court should refuse to allow the Defendant to lie his way out of his conviction, This court would also note the absolute hypocrisy of the Defendant's claim that Attorney Thomassey did not adequately represent him at the above-captioned case since he is currently allowing Attorney Thomassey to represent him on another case, filed at CCH 2014-12770, which is exceedingly more complex. It makes no sense to assume that the Defendant would continue to be represented by an attorney as unskilled or ineffective as he alleges Mr.

Thomassey tobe. Accordingly, for the reasons set forth above, this second allegation

11

of error as raised in the Defendant's Concise Statement should also be rejected on appeal.

## II.  CONCLUSION

Based on the foregoing discus$ion, this court did not err when it denied the Defendant's PCRA petition because Attorney Thomassay did not provide ineffective assistance

of counsel, and this couffls October 26, 2016 Order denying PCRA relief should be upheld.

BY THE COURT:

_____ J.

BETH A. LAZZARA, JUDGE

February 22, 2017

12