J-S29029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELI ROBERTS | : | |
| | : | |
| Appellant | : | No. 270 EDA 2017 |

Appeal from the PCRA Order January 6, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001484-2011

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 04, 2018**

Eli Roberts (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On October 22, 2013, Appellant entered a negotiated guilty plea to one count of robbery and one count of conspiracy.  Pertinent to this appeal, at the time Appellant entered his plea, he was already serving a sentence of 18 to 36 months of imprisonment, followed by three years of probation for a prior unrelated conviction.  The same day, the trial court sentenced Appellant to a term of incarceration of two and a half to five years, to run concurrently with Appellant's previous sentence, and five years of probation, to run consecutively to the probationary term of his previous sentence.  Appellant did not file a direct appeal.

_____
*   Former Justice specially assigned to the Superior Court.

On November 17, 2014, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition. Appellant's amended petition challenged the effectiveness of trial counsel and, in turn, the voluntariness of his guilty plea. Specifically, Appellant alleged that trial counsel incorrectly advised him that the time he had served in connection with his previous sentence would be credited to his instant sentence (*i.e.,* his two and a half to five year sentence would be reduced by the more than two years Appellant had already served on his previous sentence). Amended PCRA Petition, 5/9/16, at ¶ 7.

On October 31, 2016, the PCRA court heard argument from counsel as to whether Appellant's petition should be dismissed without a hearing. The same day, the PCRA court issued notice of its intent to dismiss Appellant's petition for lack of merit, pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Appellant did not respond to the notice and the PCRA court formally dismissed his petition on January 6, 2017.

Appellant filed a timely, counselled notice of appeal and complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. The PCRA court then issued a Rule 1925(a) opinion.

Appellant raises the following issues:

1. Was trial counsel ineffective for failing to give the Appellant accurate information regarding how credit would be calculated, which was an important factor in the Appellant's decision to plead?

2.    Did the [l]ower [c]ourt err in failing to hold an evidentiary hearing before deciding the Appellant's PCRA petition?

Appellant's Brief at 8.

Our standard of review is well-settled:

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error.  The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Roney***, 79 A.3d 595, 603 (Pa. 2013) (citation omitted).

Appellant argues that trial counsel gave him incorrect advice with respect to how credit for his time served would apply to his sentence. Appellant's Brief at 14.  He contends that his reliance on this misinformation rendered his guilty plea unknowing and involuntary.  ***Id.***

[I]n order to obtain relief based on [an ineffectiveness] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citations omitted).  "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may

proceed to that element first." ***Commonwealth v. Tharp***, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

While a criminal defendant's right to effective counsel extends to the plea process, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Barndt***, 74 A.3d at 192 (citation omitted). It is well-settled that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011).

A petitioner attempting to prove the ineffectiveness of counsel must adequately discuss each of the three ineffectiveness prongs or the appellate court will reject the claim. ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015), ***appeal denied***, 123 A.3d 331 (Pa. 2015), ***citing Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014). Claims of ineffectiveness of counsel are not self-proving, and this Court will not serve as counsel for Appellant or consider issues which are not fully developed in the brief. ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010), ***appeal denied***, 29 A.3d 796 (Pa. 2011); ***see also Commonwealth v. Spotz***, 18 A.3d 244, 282 (Pa. 2014) (finding waiver where Appellant failed to meaningfully develop the elements of an ineffectiveness of counsel claim).

Here, aside from a general summary of the applicable law and a single conclusory assertion that the "advice of [trial] counsel was deficient and therefore [his] plea was not knowing and voluntar[y,]" Appellant has failed to set forth any cognizable argument that he is entitled to relief under the PCRA.[1] Appellant's Brief at 14. He does not meaningfully discuss or apply the standard for ineffectiveness claims, and he fails to develop an argument concerning **any** of the ineffectiveness prongs. Accordingly, we conclude that Appellant has failed to properly develop his claim and it is therefore waived. **See Spotz**, 18 A.3d at 282; **Reyes-Rodriguez**, 111 A.3d at 780; **Kane**, 10 A.3d at 331.

Moreover, even if Appellant had properly developed an ineffective assistance of counsel argument in his appellate brief, he has failed to meet his burden of proving that his claim has arguable merit. Appellant underwent a detailed colloquy where he stated that he understood the crimes to which he was pleading guilty, the elements of those crimes, the rights that he was giving up by pleading guilty, and the factual basis of his plea. N.T., 10/22/13, at 9-11. Appellant indicated that he understood which parts of his sentence were to run consecutively and concurrently. **Id.** at 10-11. To the extent

---

[1] Appellant also generally asserts that his guilty plea and colloquy were "defective," because the trial court did not ensure that he understood the range of permissible sentences. Appellant's Brief at 14-15. However, Appellant failed to raise this issue before the PCRA court and it is therefore waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

that Appellant now contends that he misunderstood how the credit would apply, we note that he declined the trial court's numerous offers for clarification relating to his sentence, and he has failed to prove that any misunderstanding was the result of trial counsel's actions. *Id.* at 20-23; *Yeomans*, 24 A.3d at 1047 ("Our law presumes that a defendant who enters a guilty plea was aware of what he was doing[, and] he bears the burden of proving otherwise.") (internal citation omitted). For this reason as well, we conclude that the PCRA court did not err in denying Appellant's petition.

Finally, Appellant argues that the PCRA court erred by not conducting an evidentiary hearing. It is well-settled that the right to an evidentiary hearing on collateral review is not absolute, and the PCRA court has the discretion to decline to hold a hearing on the petition if the petitioner's claim is patently frivolous and has no support either in the record or from other evidence. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citation omitted). If the PCRA court can determine from the record that the petitioner failed to meet his burden of proving all elements in an ineffectiveness of counsel claim, then no purpose would be served by conducting an evidentiary hearing. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008), *appeal denied*, 956 A.2d 433 (Pa. 2008).

After review, we conclude that the PCRA court did not abuse its discretion when it dismissed Appellant's petition without a hearing. As set forth above, the record reveals that Appellant knowingly and voluntarily entered his guilty plea and he has failed to prove that his claim of ineffective

assistance of counsel has arguable merit.  Thus, no purpose would have been served by the PCRA court conducting an evidentiary hearing.  *See Jones*, 942 A.2d at 906; *Wah*, 42 A.3d at 338.  We thus affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/4/18