**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Sanford YEOMANS, Appellant.**

Superior Court of Pennsylvania.

Argued May 25, 2011.
Filed July 1, 2011.
Reargument Denied Aug. 18, 2011.

Brian Lawser, Easton, for appellant.

John M. Morganelli, Assistant District Attorney, Easton, for Commonwealth, appellee. (Brief Submitted).

BEFORE: STEVENS, P.J., SHOGAN and ALLEN, JJ.

OPINION BY ALLEN, J.:

Sanford Yeomans ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to one count each of statutory sexual assault, corruption of minors, and patronizing prostitutes.[1] We affirm.

The pertinent facts and procedural history is summarized as follows: Although Appellant was originally charged with two counts of each crime, on May 5, 2008, he entered a guilty plea to only one count of each of the crimes. Appellant failed to appear for sentencing, and a bench warrant was issued for his arrest. The bench warrant was returned on December 17, 2009, and sentencing was rescheduled for

1. 18 Pa.C.S.A. §§ 3122.1, 6301(a), and 5902(e), respectively.

March 9, 2009. On that date, the trial court sentenced Appellant to a term of 14 to 120 months imprisonment for the crime of statutory sexual assault, a consecutive term of 9 to 60 months imprisonment for the crime of corruption of minors, and a concurrent term of 6 to 12 months for the patronizing prostitutes conviction. Thus, Appellant received an aggregate sentence of 23 months to 15 years in prison.

On February 12, 2010, the trial court below reinstated Appellant's appellate rights *nunc pro tunc*. On February 23, 2010, Appellant filed a post-sentence motion in which he wished to withdraw his guilty plea and/or have his sentence reconsidered. The trial court held an evidentiary hearing, at which Appellant testified, on May 14, 2010. By opinion and order entered on August 18, 2010, the trial court denied Appellant's post-sentence motion. This appeal followed. Both Appellant and the trial court have complied with Pa. R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the trial Court err when it determined that Appellant's guilty plea was not rendered unknowing, involuntary and unintelligent due to (a) the ambiguity of the terms of his guilty plea, (b) the ambiguity of the factual predicate for Appellant's guilty plea, (c) the ineffective assistance of trial counsel, (d) Appellant's incomplete knowledge of the consequences of his plea, and (e) the unlawful inducement of the guilty plea by plea counsel.

2. Did the trial Court err when it failed to address [Appellant's] assertions in his Post Sentence Motions regarding the actions and/or inactions of [Appellant's] trial counsel leading up to, and at the time of [Appellant's] guilty plea?

3. Did the trial court err when it denied [Appellant's] Post Sentence Motions and determined that the sentence of the Court imposed on March 9, 2009 was not unreasonably excessive and that all mitigating factors had been fully considered by the Court in imposing the sentence?

4. Did the trial Court err when it failed to merge the charges of Statutory Sexual Assault and Corruption of a Minor, or, in the alternative, to merge the charges of Corruption of a Minor and Patronizing Prostitutes?

Appellant's Brief at 5.

▮▮▮▮▮ Appellant first challenges the validity of his guilty plea. "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa.Super.2008) (citation omitted). A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently. *Id.*

As this Court has summarized:

Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered.

*Commonwealth v. Fluharty*, 429 Pa.Super. 213, 632 A.2d 312, 314 (1993) (citation omitted).

Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a guilty

plea be offered in open court, and provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. As noted in the Comment to Rule 590, at a minimum the trial court should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere?*

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.[2]

■ This Court has further summarized:

In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Fluharty,* 632 A.2d at 314–15 (citations omitted).

Finally, we apply the following when addressing an appellate challenge to the validity of a guilty plea:

Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

\* \* \*

■ The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

\* \* \*

■ [A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Pollard,* 832 A.2d 517, 523–24 (citations omitted).

In his initial claim on appeal, Appellant presents multiple challenges to the validity of his guilty plea. Appellant first argues that the terms of his guilty plea "were ambiguous, unclear, and have been the source of great confusion[.]" Appellant's Brief at 12. According to Appellant, he "believed that he was pleading to a single

---

**2.** The Comment to Rule 590 includes a seventh proposed question that is only applicable when a defendant pleads guilty to murder generally.

encounter with the victim," and "[i]f there is a dispute as to the factual background that he pled guilty to, [he] could not have knowingly, intelligently and voluntarily entered into the plea agreement." *Id.* at 13. Our review of both the written and oral guilty plea colloquies refutes Appellant's claim.

■ "It is clear that before accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea." *Fluharty,* 632 A.2d at 315 (citation omitted). During the court's guilty plea colloquy with Appellant, the Commonwealth provided the following factual basis for Appellant's guilty plea:

> [The fourteen-year-old victim] was on the computer and she met [Appellant] that she only knew as Allan while in a chat room on Yahoo. The chat room topic was Girls Who Need Money. She used MountainDewHeartsinOhio@ Yahoo.com. This Allan person goes by the name of mycashtoyou@Yahoo.com.

> [The victim] stated that they eventually after engaging [in] conversation over the computer met in person. The first time was at the Bethlehem Public Library. She identified [Appellant] as being quote Allan whom she was communicating with over the computer. She stated that [Appellant] offered her $120 per hour for sex and that she agreed and they went to the Comfort Suites on Third Street in Bethlehem.

> [The victim] stated that [Appellant] checked into the room while she waited outside. After he finished checking in [the victim] came in and they went up to a room and had sexual intercourse. They also spent some time talking. The entire incident lasted approximately three hours. The sex consisted of intercourse and oral sex. That she performed oral sex on [Appellant] and he performed oral sex on her.

N.T., 5/5/08, at 4–5.

Appellant claims that he was confused at the time of entering his guilty plea as to the number of incidents with the victim for which he was pleading guilty. According to Appellant, this confusion had a detrimental effect at the time of sentencing. As noted above, Appellant's claim is refuted by Appellant's completed written guilty plea colloquy and the answers he provided during his oral guilty plea colloquy with the trial court. At the time he entered his guilty plea, Appellant clearly and unequivocally acknowledged the facts leading to the criminal charges against him; Appellant's guilty plea was therefore valid.

■ In the remaining arguments within his first claim on appeal, Appellant challenges the effectiveness of his trial counsel in representing him both prior to the entry of the plea and by inducing him to plead guilty. In his second claim on appeal, Appellant takes issue with the trial court's failure to address his claims of ineffectiveness. "Generally, claims of ineffective counsel are not to be raised on direct appeal, but rather, they are to be brought in a petition under the Post Conviction Relief Act [PCRA]." *Commonwealth v. Nischan,* 928 A.2d 349, 356 (Pa.Super.2007) (citing *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726, 738 (2002)); 42 Pa.C.S.A. §§ 9541–9546. Although the trial court held an evidentiary hearing with regard to Appellant's post-sentence motion, trial counsel did not testify. Thus, none of the general exceptions to *Grant* is applicable. *Nischan, supra.* Accordingly, we dismiss Appellant's claims of trial counsel's ineffectiveness without prejudice to Appellant's ability to bring them under the PCRA. *Id.*

In his third claim on appeal, Appellant raises a challenge to the discretionary aspects of his sentence. As this Court has summarized:

Appellant challenges the discretionary aspects of sentencing for which there is no automatic right to appeal. This appeal is, therefore, more appropriately considered a petition for allowance of appeal. Two requirements must be met before a challenge to the judgment of sentence will be heard on the merits. First, the appellant must set forth in his [or her] brief a concise statement of matters relied upon for allowance of appeal with respect to the discretionary aspects of his [or her] sentence. Pa. R.A.P. 2119(f). Second, he or she must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b)[.]

The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Marts*, 889 A.2d 608, 611–12 (Pa.Super.2005) (footnote and citations omitted).

In the present case, Appellant has failed to include in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). However, because the Commonwealth has not objected to its omission, we may overlook Appellant's omission and reach the merits of his sentencing claim. *See Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa.Super.2004) (explaining that, when the appellant has not included a Rule 2119(f) statement, and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate).

Appellant argues that the trial court abused its discretion in imposing a statutory maximum sentence of fifteen years, even though the minimum sentence was in the mitigated range of the sentencing guidelines. Relying on the dissenting opinion in *Commonwealth v. Lee*, 876 A.2d 408 (Pa.Super.2005), Appellant argues that he has raised a substantial question because the now well-known policies of the Pennsylvania Board of Probation and Parole ("PBPP") will require him to serve eighty-five percent of his maximum sentence.[3] We disagree.

Appellant's challenge to the trial court's imposition of the statutory maximum sentence does not present a substantial question for our review. Appellant's sentence falls squarely within the standard range of the sentencing guidelines for all of his convictions. "This is true because the sentencing guidelines provide for minimum and not maximum sentences." *Commonwealth v. Boyer*, 856 A.2d 149, 153 (Pa.Super.2004). In *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa.Super.2005) (citations omitted), this Court explained that "[w]hen the sentence is within the range prescribed by statute, a challenge to the maximum sentence imposed does not set forth a substantial question as to the appropriateness of the sentence under the guidelines." In reject-

---

**3.** Appellant claims that at sentencing, the trial court erred in basing its sentence on the court's disbelief that Appellant was unaware of the victim's age. The sentencing transcript does not appear in the certified record. Be- cause it is Appellant's duty to make sure this Court receives a complete record, *see generally Commonwealth v. Preston*, 904 A.2d 1 (Pa.Super.2006), we are unable to review this particular claim.

...

ing a similar claim raised in *Lee, supra,* this Court stated that evidence of the policies of the PBPP are irrelevant to the issue of sentencing. *Lee,* 876 A.2d at 414. Thus, Appellant's sentencing claim entitles him to no relief.

■ In his final claim, Appellant asserts that the sentence imposed by the trial court is illegal because one or more of his convictions should have merged for sentencing purposes.[4] We disagree.

Because the issue of merger of offenses is a pure question of law, our standard of review is plenary. *Commonwealth v. Robinson,* 931 A.2d 15, 24 (Pa.Super.2007) (*en banc*) (citation omitted). The statute at issue reads as follows:

**§ 9765. Merger of sentences**

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. Since the enactment of this statute in December 2002, effective February 2003, the law in Pennsylvania now requires a pure statutory elements approach to sentencing merger.

■ The preliminary consideration under Section 9765 is whether the two crimes at issue arose from a single act. This is because "[our courts] have long held that where a defendant commits multiple distinct criminal acts, concepts of merger do not apply." *Robinson,* 931 A.2d at 24 (citations omitted). Moreover, when determining whether a defendant committed a single act, such that multiple criminal con-

victions should be merged for sentencing, the proper focus is not whether there was a "break in the chain" of criminal activity, but rather, whether "the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime." *Id.* at 24–25. "If so, then the defendant has committed more than one criminal act." *Id.* at 25. The rationale is to "prevent defendants from receiving a 'volume discount' on crime." *Id.*

In this case, although Appellant pled guilty to a "single encounter" with the fourteen-year-old victim in arranging over the internet to meet with her, and agreeing to pay her for sex once he met her in person, Appellant committed "multiple distinct criminal acts," beyond the sexual activity he engaged in with the victim, thereby supporting his statutory sexual assault conviction. *Robinson, supra.* As Appellant committed three separate criminal acts, the crimes for which he was convicted do not merge. Thus, Appellant's final claim is meritless.

Judgment of sentence affirmed.

---

4. Appellant asserts that, at sentencing, the trial court stated that the "prostitution charge would merge with the corruption of minors charge for sentencing purposes." Appellant's Brief at 13. Once again, because the sentencing transcript does not appear in the certified record, we cannot review this claim. *Preston, supra.*