J-S75034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WENDELL B. SAVAGE, JR | |
| Appellant | No. 1347 EDA 2014 |

Appeal from the Judgment of Sentence entered February 25, 2014,
in the Court of Common Pleas of Chester County,
Criminal Division, at No(s): CP-46-CR-0006776-2013

BEFORE:  ALLEN, LAZARUS, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:            **FILED DECEMBER 08, 2014**

Wendell Savage ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to two charges of possession with intent to deliver ("PWID").[1]

The trial court summarized the pertinent background as follows:

> On August 23, 2013, a Criminal Complaint was filed against [Appellant] and he was charged with three counts of Possession with Intent to Deliver a Controlled Substance, along with other violations of the Drug, Device and Cosmetic Act.  The charges arose from incidents occurring from March 1, 2012 until July 31, 2013, in which [Appellant] sold cocaine to a confidential informant.  [Appellant] appeared for trial on February 25, 2014, however he indicated he would instead enter a guilty plea to Counts 1 and 3, both Possession with Intent to Deliver a Controlled Substance, ungraded felonies.

***

---

[1] 18 P.S. 780-113(a)(30).

[The trial court] ultimately found that [Appellant] had knowingly, voluntarily and intelligently agreed to plead guilty. As such, [the trial court] accepted the plea and sentenced [Appellant] to a four year probation period for both Count 1 and Count 3, to run concurrently. Additionally, [the trial court] imposed a $1,000 fine plus court costs.

On March 6, 2014, [Appellant], through plea counsel, filed a Motion to Withdraw Guilty Plea. [The trial court] denied the Motion after a hearing that was held on March 20, 2014. [Appellant] filed a Notice of Appeal on April 16, 2014. [Both Appellant and the trial court have complied with Pa.R.A.P. 1925].

Trial Court Opinion, 6/23/14, at 1-3.

Appellant presents the following issues for our review:

1. WHETHER [APPELLANT'S] GUILTY PLEA WAS VOLUNTARILY ENTERED, WHERE TRIAL COUNSEL REFUSED TO MAKE A CONTINUANCE REQUEST AND ADVISED [APPELLANT] THAT COUNSEL WAS UNPREPARED AND UNWILLING TO TRY THE CASE?

2. WHETHER THE TRIAL COURT ERRED IN REFUSING TO ALLOW [APPELLANT] TO WITHDRAW HIS GUILTY PLEA AFTER SENTENCING WHERE [APPELLANT] MAINTAINED HIS INNOCENCE AND TESTIFIED TO THE ACTIONS OF TRIAL COUNSEL THAT CAUSED THE PLEA TO BE INVOLUNTARILY ENTERED?

Appellant's Brief at 4. Appellant's issues are interrelated. Therefore, we will address them together.

Post-sentence motions for the withdrawal of a guilty plea are subject to higher scrutiny than pre-sentence motions, since courts strive to discourage entry of guilty pleas as sentence-testing devices. *Commonwealth v. Flick*, 802 A.2d 620, 623 (Pa. Super. 2002) (citations and internal quotations omitted). A showing of manifest injustice is required

to withdraw a guilty plea after the imposition of sentence. *Id*. A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently. *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008) (citations omitted).

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.
>
> ***
>
> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> ***
>
> A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1046-1047 (Pa. Super. 2011) (citations and internal quotations omitted).

Pa.R.Crim.P. 590, which pertains to procedures for entering pleas and plea agreements, requires pleas to be entered in open court, and specifies that the trial judge must make inquiries, on the record, to determine whether the plea is "voluntarily and understandingly tendered."

The comments to Pa.R.Crim.P. 590 provide that at a minimum, the court should make the following inquiries: (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?; (2) Is there a factual basis for the plea?; (3) Does the defendant understand that he or she has the right to trial by jury?; (4) Does the defendant understand that he or she is presumed innocent until found guilty?; (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?; (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement? Pa.R.Crim.P. 590, Comment.[2]

The comments to Pa.R.Crim.P. 590 also specify that "nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings. This written colloquy would have to be supplemented by some on-the-record oral examination." *Id*.

In the present case, Appellant's assertion that his plea was involuntary entered is belied by the record. At the guilty plea hearing on February 25, 2014, Appellant was asked whether he was "admitting that in May of 2013 and in July of 2013 ... you sold a bag of cocaine to another individual", to which Appellant responded "yes." N.T., 2/22/14, at 7-8. Appellant

---

[2] The Comment to Pa.R.Crim.P. 590 includes a seventh proposed question that pertains only to defendants who plead guilty to murder.

confirmed that nobody "forced, threatened or coerced" him into pleading guilty and that he had made the decision to plead guilty. *Id*. at 5. Furthermore, in the written colloquy, initialed and signed by Appellant, he indicated that he committed the crimes, that his plea was voluntary, and that he understood the nature of his plea. *See* Written Guilty Plea Colloquy, 2/25/14, at 1-9. Appellant additionally indicated he understood that the decision to plead guilty was his alone, that he understood that he did not have to plead guilty, and that nobody could force him to enter a guilty plea. *Id*. He further indicated that he had the opportunity to confer with his attorney before pleading guilty, and that he was satisfied with his attorney's representation. *Id*. At the conclusion of the guilty plea hearing, the trial court accepted Appellant's guilty plea as knowingly and voluntarily tendered.

Given the foregoing, and upon review of the entire record, we find no error in the trial court's determination that Appellant's guilty plea was valid. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523–24 (Pa. Super. 2003) (citations omitted). Appellant's claim that he was coerced into pleading guilty because his counsel was unprepared to proceed to trial, is contradicted by Appellant's oral and written plea colloquies. The trial court conducted a thorough guilty plea colloquy during which Appellant stated that

he understood the charges, that he was guilty and that he was not coerced but was entering a guilty plea of his own free will. *Id*. at 4-8 When given the opportunity to raise any complaints regarding the quality of his trial counsel, Appellant did not do so, but rather indicated that he was satisfied with his attorney's representation. *Id*. The trial court, which had the opportunity to observe Appellant, was assured that the plea was voluntary. We find no error in the trial court's determination that Appellant failed to demonstrate the requisite manifest injustice to support the grant of his post-sentence motion to withdraw his plea. We therefore affirm the judgment of sentence

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2014