J-S46029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MATTHEW P. MIKOTTIS | : | |
| | : | |
| Appellant | : | No. 1991 MDA 2016 |

Appeal from the Judgment of Sentence November 22, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0003289-2015

BEFORE:   BOWES, OLSON, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JUNE 01, 2018**

Appellant Matthew P. Mikottis appeals from the judgment of sentence entered in the Court of Common Pleas of Cumberland County on November 22, 2016, following a guilty plea.  We affirm.

On May 4, 2016, Appellant pled guilty to DUI-Highest rate of alcohol, second offense.[1]  His plea arose following his involvement in a car accident on September 30, 2015, at which time Appellant consented to a blood draw which revealed a blood alcohol concentration level of .235, almost three (3) times the legal limit.

On September 27, 2016, Appellant filed a motion to withdraw his guilty plea in light of the United States Supreme Court's decision filed on

_____

[1] 75 Pa.C.S.A. § 3802(c).

_____

\*   Former Justice specially assigned to the Superior Court.

June 23, 2016, ***Birchfield v. North Dakota***, ___ U.S. ____, 136 S.Ct. 2160 (2016).[2]  The trial court denied the motion on October 4, 2016, and on November 22, 2016, it sentenced Appellant to a period of five years' intermediate punishment which included a commitment to the Work Release Program for not less than thirty (30) days nor more than ninety (90) days. Appellant filed a timely appeal, and Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

In his brief, Appellant presents the following issue for this Court's review:

> Whether the trial court abused its discretion in denying Appellant's motion to withdraw his guilty plea based upon a misinterpretation of the law?

Brief for Appellant at 6 (unnecessary capitalization omitted).

_____

[2] In ***Birchfield***, the Supreme Court held that the search-incident-to-arrest exception to the warrant requirement did not justify warrantless blood testing of individuals arrested on DUI charges. ***Id***. at 2185.  In doing so, the Supreme Court emphasized that "motorists cannot be deemed to have consented to a blood test on pain of committing a criminal offense." ***Id.*** at 2186. Following that decision, this Court held the implied consent warnings contained in the former version of the DL-26 Form, a copy of which had been read to Appellant, were partially inaccurate.  Therefore, we vacated the suppression court's order as well as Appellant's judgment of sentence and remanded the matter to the trial court to reevaluate Appellant's consent in light of the totality of the circumstances given the partial inaccuracy of the officer's advisory. ***Commonwealth v. Evans***, 153 A.3d 323, 331 (Pa.Super. 2017).

In **Commonwealth v. Carrasquillo**, 631 Pa. 692, 115 A.3d 1284 (2015), the Pennsylvania Supreme Court held that while a trial court liberally should allow a pre-sentence motion to withdraw a guilty plea,

> there is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

**Carrasquillo**, **supra** at 704, 115 A.3d at 1291-92 (footnote omitted). The necessary inquiry "on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." **Id.** at 706, 115 A.3d at 1292.

Herein, Appellant seeks to withdraw his plea based upon what he deems to be the possible suppression issue created by the **Birchfield** decision. Appellant asserts he had a fair and just reason to withdraw his guilty plea in light of **Birchfield** because prior to that decision, "there was no precedential basis to challenge the admissibility of his blood test results at the time of a trial." Brief for Appellant at 12. Appellant reasons that he "should have the right to question the voluntariness of submitting to a blood test based upon the U.S. Supreme Court's Birchfield decision by being permitted to withdraw his plea prior to sentencing." **Id**. at 13.

In *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa.Super. 2013), this Court held "[s]ettled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." Appellant's issue does not constitute a challenge to the legality of his sentence or to the validity of his guilty plea which he entered over a month prior to the *Birchfield* decision. Significantly, Appellant did not maintain in a pre-trial suppression motion or otherwise present any claim that his pre-arrest blood draw and subsequent testing were performed involuntarily without his consent or were coerced, and he nowhere now alleges that he is innocent or that his guilty plea was entered involuntarily, unknowingly or unintelligently.

To the contrary, in his plea colloquy, Appellant indicated that he understood the English language and the charges against him, and he admitted to the facts that led to those charges. Written Guilty Plea Colloquy, 5/3/16, at 2. Appellant also acknowledged that by pleading guilty, he understood he was foregoing certain rights, including, *inter alia*, the presumption of innocence, certain defenses, the right to a jury trial, and most of his direct appeal rights. *Id.* Appellant affirmed that he was pleading guilty of his own free will, that no one had forced him to plead guilty, and that he had the right to be represented by counsel at both the guilty plea and trial. *Id.* at 3. At the guilty plea hearing, Appellant stated he had

- 4 -

reviewed the guilty plea form with counsel, and the trial court also informed Appellant about the permissible ranges of sentences for each of the convictions. N.T., 5/4/16, at 2-3.

Appellant contends that he sought to withdraw his plea prior to sentencing because he wished to pursue a newly challengeable suppression issue, the outcome of which is speculative. However, as the trial court stressed "[Appellant] was well aware that his guilty plea waived his right to file a suppression motion to challenge the admissibility of the evidence, as evidenced by the probing plea colloquy and Appellant's affirmation." Trial Court Opinion, filed 1/24/17, at 2-3 (*citing* N.T. Guilty Plea, 5/4/16, at 2). Because Appellant is not disputing the validity of his plea or the legality of his sentence, the sole claim he presents for this Court's review is waived. ***See Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa.Super. 2011) (stating that a person who elects to plead guilty is bound by the statements he made during the plea colloquy, and may not later assert grounds for withdrawing the plea which contradict those statements).

In light of the foregoing, the trial court did not err when it found the Supreme Court's holding in ***Birchfield*** that states cannot impose criminal penalties upon one who refused to submit to a warrantless blood test did not create an intervening change in the law which amounts to a fair and just reason for Appellant to withdraw his guilty plea.

Judgment of sentence affirmed.

Judge Bowes files a Concurring Memorandum.

Judge Olson files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/01/18