J-S42035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLIFFORD N. JONES | : | |
| | : | |
| Appellant | : | No. 3696 EDA 2017 |

Appeal from the PCRA Order February 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008508-2008

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 29, 2019**

Appellant, Clifford N. Jones, appeals from the order entered February 28, 2017, dismissing his petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm.

This Court previously set forth the relevant facts and procedural history of this case in its decision for Appellant's direct appeal "from [his] judgment of sentence entered following his convictions of involuntary deviate sexual intercourse, unlawful contact with a minor, endangering the welfare of children, corruption of minors and assault.  18 Pa.C.S.A. §§ 3123, 6318, 4304, 6301 and 2701, respectively."  *Commonwealth v. Jones*, No. 1551 EDA

_____

[1] 42 Pa.C.S. §§ 9541–9546.

*   Retired Senior Judge assigned to the Superior Court.

2009, unpublished memorandum at 1 (Pa. Super. filed August 6, 2010) (some

formatting).  For the convenience of the reader, we note:

> On May 14, 2008, then ten year old Complainant, S.R., resided with her mother, brother and sister and Jones, her mother's boyfriend, who Complainant called 'Pop-Pop.'  On that date, upon returning home from school, Complainant entered the bedroom her mother shared with Jones when she saw Jones rubbing baby oil on his penis.  Jones grabbed Complainant by the arm, forced her to bend over a computer chair, and he placed his penis inside her rectum.  When Complainant's siblings yelled for her Jones stopped his assault whereupon Complainant escaped and Jones left the house.  Complainants' brother asked her what was wrong at which time she reported him and revealed that Jones had anal sex with her for three years.  When Complainant's mother returned home the children reported the assault to her.  A rectal and vaginal swab was performed on Complainant and found positive for the presence of semen.  Complainant related that over the three year period of Jones's sexual assaults, he would threaten to hit her if she reported the incidents but that he typically gave her money.  Complainant and her mother related that they believed Jones to be HIV positive.  Jones fled the jurisdiction and was subsequently extradited from Baltimore, Maryland.  A DNA sample was taken from Jones and was compared to the samples taken from Complainant and found to be a positive match. . . .

> Prior to trial, Jones indicated that he wanted to plead guilty to the above-listed crimes.  On December 18, 2008, the trial court engaged in a thorough oral colloquy about his desire to enter a guilty plea.

*Id.* at 1-2 (citation and internal brackets omitted).  The relevant portion of

that oral colloquy consisted of the following:

> [**THE COURT**:]  I understand you wish to plead guilty today pursuant to what's called an open guilty plea, meaning that other than the charges to which you're pleading guilty, there's no agreement for an agreed upon recommendation for sentencing.  Do you understand?

> [**APPELLANT**]:  Yes, ma'am. . . .

**THE COURT**: Are you pleading guilty today of your own free will?

[**APPELLANT**]: Yes, ma'am.

**THE COURT**: Has anyone forced you or threatened you to plead guilty in any way?

[**APPELLANT**]: No, ma'am. . . .

**THE COURT**: Have you gone over this written guilty plea colloquy form with your attorney?

[**APPELLANT**]: Yes, ma'am.

**THE COURT**: You agree this document states what your rights are and the rights you're giving up by pleading guilty today?

[**APPELLANT**]: Yes, ma'am.

**THE COURT**: Have you signed this document today in court of your own free will?

[**APPELLANT**]: Yes, ma'am. . . .

**THE COURT**: Have you ever been treated for a mental illness?

[**APPELLANT**]: Yes, ma'am.

**THE COURT**: Are you currently receiving mental health treatment?

[**APPELLANT**]: Yes, ma'am.

**THE COURT**: Are you currently taking psychiatric medication?

[**APPELLANT**]: Yes, ma'am.

**THE COURT**: Are you fully able today to understand why you're here to discuss this case with your attorney and to make decisions about how to proceed?

[**APPELLANT**]: Yes, ma'am. . . .

**THE COURT**: Are you satisfied with your lawyer?

[**APPELLANT**]: Yes, ma'am.

> **THE COURT**: Has your lawyer explained to you the charges you're pleading guilty along with the elements of those offenses and the maximum penalties that you face?
>
> [**APPELLANT**]: Yes, ma'am.
>
> **THE COURT**: Has he advised you that there's a ten year mandatory sentence with regard to the charge of involuntary deviate sexual intercourse?
>
> [**APPELLANT**]: Yes, ma'am.
>
> **THE COURT**: And he also advised you of the maximum for that charge can be up to 40 years?
>
> [**APPELLANT**]: Yes, ma'am. . . .
>
> **THE COURT**: Do you wish to speak any further with your attorney privately before we proceed?
>
> [**APPELLANT**]: No, ma'am.

N.T., 12/18/2018, at 4-8.

> Jones also filled out a written colloquy regarding the entry of the guilty plea. The trial court accepted Jones's plea and postponed sentencing so that evaluation regarding whether Jones is a sexually violent predator ("SVP") could be conducted.
>
> Prior to sentencing, Jones filed a motion seeking to withdraw his guilty plea. A hearing on this motion convened on April 3, 2009, at the conclusion of which the trial court denied Jones's motion. Jones was subsequently found to be an SVP and the trial court sentenced him to an aggregate term of 23½ to 47 years of incarceration.

*Jones*, No. 1551 EDA 2009, at 2-3. On August 6, 2010, this Court affirmed Appellant's judgment of sentence. *Id.* at 1.

"Appellant's first [PCRA p]etition was filed on March 10, 2011. On May 3, 2012[,] the PCRA [p]etition was granted, and by agreement of the Commonwealth Appellant's right to file a Petition for Allocatur to the Pennsylvania Supreme Court was reinstated." PCRA Court Opinion, filed June

- 4 -

25, 2018, at 1-2. On June 1, 2012, Appellant filed his petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on March 1, 2013.

On November 25, 2013, Appellant filed a timely, *pro se* PCRA petition, and, on June 20, 2016, PCRA counsel filed an amended petition, alleging that Appellant's guilty plea was unlawfully induced and that his trial counsel was ineffective for failing to investigate his case and his "health status" and for coercing him to accept a guilty plea when he had advised trial counsel that he did not want to do so. Amended PCRA Petition, 6/20/2016, at 5-7 (unpaginated) §§ II.-III. On January 27, 2017, the Commonwealth filed a motion to dismiss, and, on January 31, 2017, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"). On February 10, 2017, although he was still represented by counsel, Appellant *pro se* filed objections to the Rule 907 Notice. On February 28, 2017, the PCRA court dismissed Appellant's petition.

> On June 19, 2017[,] the [PCRA c]ourt received in chambers a Notice of Appeal Nunc Pro Tunc dated June 13, 2017 from Appellant claiming that PCRA counsel advised him that she was going to file an appeal, but she failed to do this. Appellant's notice does not appear on the docket. PCRA counsel . . . followed with an Amended Petition under Post Conviction Relief Act setting forth her reasons for failing to file Appellant's appeal from the February 28, 2017 dismissal of the PCRA Petition. Reasons for failure to file the appeal included counsel's health issues and an over-burdened work schedule. On October 24, 2017[,] the Commonwealth agreed that Appellant's appellate rights should be reinstated nun pro tunc effective November 14, 2017. This timely appeal followed on November 15, 2017.

PCRA Court Opinion, filed June 25, 2018, at 2.[2]

Appellant presents the following issues for our review:

I. Whether the PCRA court erred in denying [Appellant]'s PCRA [p]etition without an evidentiary hearing to determine whether [Appellant] entered a lawful guilty plea.

II. Whether the [PCRA] court erred in denying without an evidentiary hearing the PCRA petition alleging trial counsel was ineffective.

Appellant's Brief at 8 (trial court's answers omitted).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Medina*, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)).

Appellant contends that "[t]he PCRA [c]ourt erred in denying [his] PCRA [p]etition without an evidentiary hearing . . . to determine whether [Appellant]'s guilty plea was [unlawfully] induced and whether counsel was ineffective[,] . . . because it caused [Appellant] to enter an involuntary or unknowing guilty plea." Appellant's Brief at 18-19, 21. Appellant argues that his trial counsel failed to investigate his case or his mental health issues,

---

[2] Appellant filed his statement of errors complained of on appeal on December 23, 2017. The PCRA court entered its opinion on June 25, 2018. The PCRA court appointed new PCRA counsel for Appellant on September 14, 2018, and permission was granted for new counsel to file a supplemental concise statement of errors, which PCRA counsel did on December 12, 2018. The PCRA court entered a supplemental opinion on December 21, 2018.

coerced him into pleading guilty, and never explained to him the implications of his guilty plea. *Id.* at 21. Appellant urges this Court to conclude that "there is a clear showing of actual prejudice as a result of counsel's ineffectiveness[,]" because, "[h]ad [Appellant] been able to try the matter, a jury may have returned a verdict of not guilty." *Id.* at 22.[3]

To the extent that Appellant is arguing that his guilty plea was involuntary, unknowingly entered, and unlawfully induced, this claim is waived, because it could have been challenged as part of his direct appeal, yet he failed to do so. *See* 42 Pa.C.S. § 9544(b) ("for purposes of [the PCRA], an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

If, instead, Appellant's issue is that his trial counsel was ineffective for coercing him into pleading guilty, this challenge is belied by the record.

> [C]ounsel is presumed to be effective.
>
> To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> A failure to satisfy any of the three prongs of this test requires rejection of a claim of ineffective assistance.

---

[3] Appellant does not elaborate in his brief as to why the jury would have acquitted him nor does he state that there was a reasonable probability of this different outcome. *See* Appellant's Brief at 22.

*Medina*, 209 A.3d at 1000 (internal brackets, citations, and quotation marks omitted) (some formatting).   The right to effective assistance of counsel extends to the plea process.  ***Commonwealth v. Wah***, 42 A.3d 335, 338-39 (Pa. Super. 2012).

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, **even if he avers that counsel induced the lies.**
>
> A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (emphasis added) (citation omitted).

In the current action, Appellant stated in open court while under oath that he was pleading guilty of his own free will and that no one – which would include his trial counsel – had "forced" or "threatened" him "to plead guilty in any way."  N.T., 12/18/2018, at 4-5.

> Moreover, th[e trial c]ourt had Appellant go over the written guilty plea colloquy form with his attorney, sign the document, and questioned him to make sure he understood what w[as] contained therein.  Appellant responded in the affirmative and that he was proceeding of his own free will.  [N.T., 12/18/2018,] at 5-6.  The colloquy include[d] an explanation regarding the implications of an "open guilty plea."  Id. at 4.
>
> Appellant, who at the time of the plea was receiv[ing] mental health treatment and taking psychiatric medication told the Court he was able to discuss the matter with his attorney and make decisions about how to proceed. Id. at 6.  When asked if Appellant was satisfied with his attorney, Appellant responded "Yes" and acknowledged that his attorney discussed the charges, maximum penalties and mandatories with him and no further discussion was needed.  Id. at 7-8.

PCRA Court Opinion, filed June 25, 2018, at 5.[4] Appellant is bound by these statements and cannot now assert the contradictory claims that his mental health status was inadequately addressed, that his counsel forced him to plead guilty, that he did not understand the implications of his plea, or that he was otherwise dissatisfied with his counsel. **See** Appellant's Brief at 21; **Yeomans**, 24 A.3d at 1047. Consequently, Appellant's argument that he suffered prejudice is not supported by the record.

As Appellant cannot satisfy one prong of the ineffective assistance of counsel test, his entire ineffectiveness claim fails. **Medina**, 209 A.3d at 1000.

Since Appellant is not entitled to PCRA relief and no purpose would be served by any additional proceedings, he is likewise not entitled to an evidentiary hearing. **Commonwealth v. Postie**, 200 A.3d 1015, 1022 (Pa. Super. 2018) (*en banc*) ("A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings.").

For the reasons given above, we conclude that Appellant's issues raised on appeal are meritless. Having discerned no error of law, we affirm the order below. **See Medina**, 209 A.3d at 996.

Order affirmed.

---

[4] We further note that, pursuant to this Court's previous review of this case, it described the oral guilty plea colloquy as "thorough[.]" **Jones**, No. 1551 EDA 2009, at 2.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/19