J-S11040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                       :                    PENNSYLVANIA
                                                       :
                          v.                           :
                                                       :
                                                       :
JEFFREY ALVIN KEITH                     :
                                                       :
                   Appellant                    :         No. 780 WDA 2021

Appeal from the PCRA Order Entered May 21, 2020
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0000409-2015

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                          **FILED: JUNE 28, 2022**

Jeffrey Alvin Keith ("Keith") appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

We set forth the relevant factual and procedural history as follows.  In December 2016, Keith pleaded *nolo contendere* to aggravated indecent assault and endangering the welfare of a child.[2]  ***See*** N.T., 12/8/16, at 4-5. The factual basis for the plea was that Keith lived with a woman and her minor daughter, and he acted as the minor's caregiver on multiple occasions, during which he touched the minor's breasts, inserted his fingers into her vagina, and attempted to penetrate her vagina with his penis.  ***See id***. at 7.  At the plea

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

[2] ***See*** 18 Pa.C.S.A. §§ 3125(a)(8), 4304(a)(1).

hearing, Assistant Public Defender Mike Walther represented Keith. The plea court informed Keith of the maximum penalties for the relevant crimes and conducted an oral colloquy of Keith to ascertain his awareness of his rights. *See id*. at 5-6. Keith stated, under oath, that no one had forced or threatened him to plead *nolo contendere*, he was pleading *nolo contendere* of his own free will, and he was satisfied with Attorney Walther's representation. *See id*. at 9.

Keith also completed a written colloquy in which he averred his plea was the result of his own free will, no one had threatened him to plead, and that he was satisfied with Attorney Walther's representation. *See* Colloquy, 12/9/16, at ¶¶ 46-50.[3] In response to the additional question of whether anyone had forced him to plead, Keith first wrote "yes," before crossing it out and writing "no." *See id*. at ¶ 45.

The court accepted Keith's plea and later sentenced him to seven to sixteen years of imprisonment. *See* N.T., 3/28/17, at 5-6. Keith filed a post-sentence motion for sentence modification, which the court denied. He did not file a direct appeal.

Keith filed a timely *pro se* PCRA petition. The PCRA court appointed counsel and scheduled a hearing. For reasons unclear from the record, Keith

---

[3] The colloquy is time-stamped December 9, 2016, but it is uncontested that Keith completed it prior to his plea on December 8, 2016.

refused to participate at the hearing. *See* N.T., 11/1/18, at 4. The PCRA court permitted counsel to withdraw based on a breakdown in the attorney-client relationship,[4] and issued a Pa.R.A.P. 907 Notice of Intent to dismiss the petition because of Keith's refusal to participate in the proceedings. *See id*. Keith responded with several filings, including a motion for appointment of new counsel. In response to Keith's request, the court appointed new counsel, with whom Keith cooperated. Thereafter, the court held a hearing on Keith's petition.

At the PCRA hearing, Keith testified that Attorney Walther had pressured him into pleading *nolo contendere* and his plea was thus involuntary. *See* N.T., 5/19/20, at 11-13. He claimed that Attorney Walther coerced the plea by "not doing his job . . .. He didn't want to talk about my strategy or anything . . .. He said there was nothing he could do about the [R]ule [600 argument Keith wanted him to pursue.]" *Id*. at 11-12. Keith admitted, however, that he had told the plea court the plea was voluntary. *See id*. at 13. He asserted, though, that he had not done so truthfully.

Keith further testified that he had written "yes" on the portion of his written colloquy that inquired about whether anyone had forced him to plead *nolo contendere*, before changing it to "no." He admitted he did not tell the

_____

[4] Keith's appointed counsel represented to the court that Keith refused to assist him in the preparation of his case and had made threats to seek counsel's disbarment and criminal prosecution. *See id*. at 3.

plea court at the time that he had been pressured but instead stated under oath that no one had forced or threatened him to plead. He testified that he had been waiting for the court to ask him about the change on his written colloquy, but he never mentioned it because the court did not ask. *Id*. at 13.

The PCRA court denied relief. *See* Order, 5/20/20. Keith then moved for new counsel, arguing that PCRA counsel had abandoned him. The PCRA court appointed new counsel, and Keith timely appealed. Both Keith and the PCRA court complied with Pa.R.A.P. 1925.

Keith raises the following issue for our review: "Whether the PCRA court errored/abused [sic] its discretion by failing to grant Petitioner's PCRA [p]etition, as the record showed that the Petitioner's guilty plea was involuntary?" Keith's Brief at 4.

Our standard of review of an order denying PCRA relief is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. Super. 2018) (internal citation and quotations omitted).

To obtain relief under the PCRA, based on an ineffective assistance of counsel claim relating to the entry of a guilty plea, a petitioner must establish:

(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Trial counsel is presumed to be effective, and [an a]ppellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

The right to constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

[Central] to the question of whether a defendant's plea was entered voluntarily and knowingly is . . . that the defendant know[s] and understand[s] the nature of the offenses charged in as plain a fashion as possible. A guilty plea is not a ceremony of innocence, it is an occasion where one offers a confession of guilt. Thus, a trial judge and, by extension, plea counsel is not required to go to unnecessary lengths to discuss every nuance of the law regarding a defendant's waiver of his right to a jury trial in order to render a guilty plea voluntary and knowing.

*Commonwealth v. Barndt*, 74 A.3d 185, 192-93 (Pa. Super. 2013) (internal

quotations and citations omitted).

Further, it is presumed that

a defendant who enter[ed] a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

＊ ＊ ＊ ＊

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

＊ ＊ ＊ ＊

A defendant who elects to plead guilty has a duty to answer questions truthfully. We cannot permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (original asterisks) (internal citation and brackets omitted). "The law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Timchak*, 69 A.3d 765, 770 (Pa. Super. 2013) (internal citations and brackets omitted).

Here, Keith argues that his written colloquy showed that he had first answered "yes" to the question of whether anyone had forced him to plead *nolo contendere*, and that he was not the one who had crossed out "yes," and written "no." Keith's Brief at 13. He further asserts that the plea court never asked him about this change in the written colloquy, so that, despite testifying that no one had forced him to plead guilty, he had no "opportunity to explain the pressure from his attorneys." *Id*. at 13. He claims, "had his attorneys

not pressured him into entering the plea, he would [] have gone to trial . . . ." *Id*. at 14.

The PCRA court considered Keith's claim and determined it was meritless. The court noted that Keith had testified at the plea hearing that he understood what he was doing, no one had threatened him, he was satisfied with his attorney's representation, and that his plea was voluntary. **See** PCRA Court Opinion, 8/31/21, at 6. The PCRA court also concluded that the record contradicted Keith's claim that his attorney had pressured him, because when the plea court asked him whether he had been coerced, Keith said he had not been forced to plead guilty. **See id**. at 7.

Based on our review, we conclude the PCRA court's findings are supported by the record and free of legal error. At the plea hearing, Keith stated no one had forced or threatened him to plead *nolo contendere*, his plea was the result of his own free will, and he was satisfied with counsel's representation. **See** N.T., 12/8/16, at 9. The PCRA court did not credit Keith's claim that his attorney coerced him or that the written colloquy proves coercion. We determine the PCRA court's finding is supported by the record. Keith failed to explain why he was untruthful to the plea court during the oral colloquy; nor did Keith explain why the remaining answers in the written colloquy were consistent with his statements in open court that no one had threatened him and that he was satisfied with his attorney's representation. Keith is bound by the statements he made under oath at the plea hearing.

***See Yeomans***, 24 A.3d at 1047 (Pa. Super. 2011). As such, his issue warrants no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2022