J-S10030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BETHANY ELEXIS IMM | : | |
| | : | |
| | : | No. 1389 WDA 2023 |

Appeal from the Order Entered October 6, 2023
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s):  CP-03-CR-0000110-2023

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED: May 10, 2024**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Armstrong County Court of Common Pleas, which dismissed all charges against Appellee, Bethany Elexis Imm, with prejudice.  We reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows.  On February 5, 2023, the Commonwealth charged Appellee with one count of criminal trespass—buildings and occupied structures, a felony of the third degree.[1]  Appellee waived a preliminary hearing on February 8, 2023, and was formally arraigned on March 8, 2023.  As part of a negotiated plea agreement, the Commonwealth amended the criminal information to add one count of

---

[1] 18 Pa.C.S.A. § 3503(a).

criminal trespass—defiant trespasser, a misdemeanor of the third degree,[2] and Appellee agreed to plead guilty to the defiant trespasser charge.

On September 6, 2023, the trial court conducted a plea hearing. As the prosecutor was reciting the factual basis for the plea, the court questioned the prosecutor on whether notice against trespass was ever communicated to Appellee. After consulting the case file, the prosecutor conceded that he did not have any information in his file regarding whether actual notice against trespass was communicated to Appellee. Appellee then moved to dismiss the defiant trespasser charge. The Commonwealth objected and requested that the court list the case for trial. The prosecutor stated his belief that the Commonwealth could meet its burden of proof at trial through the testimony of the responding officer. Nevertheless, the court entered an order granting Appellee's motion to dismiss on the same day.

The Commonwealth filed a motion for reconsideration on September 8, 2023. On September 12, 2023, the Commonwealth moved to withdraw its motion for reconsideration and requested that the court list the matter for trial on the remaining criminal trespass—buildings and occupied structures charge. The court conducted a hearing on October 5, 2023. At the hearing, the Commonwealth argued that Appellee had only moved to dismiss the defiant trespasser charge at the plea hearing and as such, the court's order on

---

[2] 18 Pa.C.S.A. § 3503(b).

September 6, 2023 dismissed only that charge. The Commonwealth requested the court to list the matter for trial on the remaining trespass charge. Appellee's counsel communicated her belief that the court's order on September 6, 2023 dismissed all charges against Appellee. Appellee's counsel further argued that if that was not the case, all charges should be dismissed based on the Commonwealth's failure to articulate a factual basis regarding notice against trespass during the plea hearing. On October 6, 2023, the court denied the Commonwealth's requested relief and entered an order dismissing both charges with prejudice. The Commonwealth filed a timely notice of appeal on October 12, 2023. The next day, the court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the Commonwealth timely complied on October 16, 2023.

The Commonwealth raises the following issues for our review:

> 1. Did the trial court err in dismissing Count 2 of the Commonwealth's Information at the time of plea court, where the proper remedy for the Commonwealth's failure to put a factual basis for the plea on the record is for the court to not accept the guilty plea as opposed to the dismissal of the charge and/or case?
>
> 2. Did the trial court err in denying the Commonwealth's Motion to Withdraw its Motion for Reconsideration and in failing to address the underlying Motion for Reconsideration which motion for reconsideration would necessarily be at issue when the trial court denied the Commonwealth's motion?
>
> 3. Did the trial court err when it *sua sponte* dismissed the Commonwealth's Amended Information in its entirety in its

- 3 -

order denying the Commonwealth's Motion to Withdraw its Motion for Reconsideration, as that issue was not at issue before the trial court; said dismissal was contrary to law where there was no motion by defense counsel to dismiss the Information, the Commonwealth was not given an opportunity for a hearing, defense counsel never filed a *habeas* motion per the rules of criminal procedure, and the remedy for the Commonwealth's failure to put a factual basis for the plea on the record at plea court is for the court to not accept the guilty plea and not dismissal of the charge and or case?

(Commonwealth's Brief at 4).

In its first issue, the Commonwealth contends that the trial court erred in dismissing the charges against Appellee upon finding that the Commonwealth failed to state facts to demonstrate notice against trespass at the plea hearing. The Commonwealth asserts that the court does not have authority to dismiss a charge simply because the Commonwealth did not state sufficient facts on the record to support the charge during the plea hearing. The Commonwealth acknowledges that the court has a duty to inquire into the factual basis of a charge before accepting a guilty plea but argues that the proper remedy upon finding that the factual basis is insufficient is to reject the plea and list the case for trial. The Commonwealth concludes that the court erred in dismissing the charges against Appellee instead of rejecting the plea and scheduling the matter for trial and asks this court to reverse and remand for further proceedings. We agree that relief is due.

The trial court has broad discretion in approving or rejecting plea agreements. ***Commonwealth v. Chazin***, 873 A.2d 732, 737 (Pa.Super.

2005), *appeal denied*, 585 Pa. 686, 887 A.2d 1239 (2005). "There is no absolute right to have a guilty plea accepted. …[W]hile the Commonwealth and a criminal defendant are free to enter into an arrangement that the parties deem fitting, the terms of a plea agreement are not binding upon the court. Rather the court may reject those terms if the court believes the terms do not serve justice." **Id.** (internal citations and quotation marks omitted).

Additionally, Rule 590 of the Pennsylvania Rules of Criminal Procedure provides that the court "may refuse to accept a plea of guilty or *nolo contendere*, and shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered." Pa.R.Crim.P. 590(A)(3). The comment to Rule 590 further explains that at a minimum, the court should inquire into whether there is a factual basis for the plea. **See** Pa.R.Crim.P. 590, Comment. Thus, "it is clear that before accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1048 (Pa.Super. 2011). "If the court is dissatisfied with any of the terms of the plea bargain, it should not accept the plea; instead, it should give the parties the option of proceeding to trial before a jury." **Commonwealth. v. Parsons**, 969 A.2d 1259, 1268 (Pa.Super. 2009), *appeal denied*, 603 Pa. 685, 982 A.2d 1228 (2009).

Instantly, the court properly inquired into the factual basis supporting the defiant trespasser charge at the plea hearing and concluded that the

Commonwealth's recitation of the facts failed to establish all the elements of the charge.[3] *See Yeomans, supra*. Based on this conclusion, the court should have rejected the plea and permitted Appellee to proceed to trial. *See Parsons, supra*. Significantly, the trial court now agrees that relief is due to the Commonwealth on appeal. (*See* Trial Court Opinion, filed 12/7/23, at 2). Specifically, the court acknowledges that it erred in dismissing the charges due to the Commonwealth's failure to provide a sufficient factual basis for the plea at the plea hearing. The court further acknowledges that the proper remedy at that juncture was to reject the guilty plea and allow the case to proceed. *See Parsons, supra*. *See also Commonwealth v. Ramey*, No. 261 WDA 2019 (Pa.Super. filed July 21, 2020) (unpublished memorandum)[4] (holding that trial court erred in dismissing charges against appellee when Commonwealth failed to sufficiently state factual basis at plea hearing; affirming that there is no authority for trial court to dismiss criminal charges if factual basis for guilty plea is insufficient, and proper remedy is to reject guilty plea and set case for trial). Under these circumstances, we agree with the Commonwealth and the trial court that dismissal of the charges against Appellee was improper. Accordingly, we reverse and remand for further

---

[3] The Commonwealth does not dispute that it failed to state sufficient facts at the plea hearing to demonstrate that actual notice against trespass was communicated to Appellee.

[4] *See* Pa.R.A.P. 126(b)(2) (stating non-precedential decisions of Superior Court filed after May 1, 2019 may be cited for their persuasive value).

proceedings in accordance with this memorandum.[5]

      Order reversed. Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/10/2024

---

[5] Based on our disposition, we do not need to reach the Commonwealth's remaining issues.