J-A18013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JAVON MICHAEL LAMBERT | : | |
| Appellant | : | No. 228 WDA 2024 |

Appeal from the PCRA Order Entered February 14, 2024
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000298-2021

BEFORE: OLSON, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED: NOVEMBER 25, 2024**

Appellant, Javon Michael Lambert, appeals from the order entered on February 14, 2024, in the Criminal Division of the Court of Common Pleas of Armstrong County, that denied his petition for collateral relief under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court furnished the following summary of the pertinent factual and procedural history.

> [On April 26, 2021, t]he [Commonwealth] charged [Appellant] with numerous felony counts in connection with an armed home invasion in which [Appellant] entered a residence at [4:00] a.m., pistol-whipped the homeowner, held the gun to the homeowner's head and pulled the trigger so that the hammer clicked, and finally stole guns before fleeing the house[.]
>
> ***
>
> [Thereafter, Appellant] hired Blaine Jones Law, a firm which at that time consisted of [Rodney Blaine Jones, II, Esquire,] and two other attorneys. … The three attorneys worked as a team, each representing [Appellant] at various proceedings.

[On May 6, 2022,] Blaine Jones Law filed an omnibus pretrial motion *nunc pro tunc*, and a few days later filed an amended omnibus pretrial motion. Both motions raised the same issue: whether a search of [Appellant's] house conducted pursuant to a search warrant was actually conducted prior to the signing of the warrant by a judge.

Prior to any hearing on the motion, Blaine Jones Law [] negotiated a plea agreement with the district attorneys of both Armstrong County and Westmoreland County.[1] The plea agreements provided that [Appellant] would plead guilty in Armstrong County to a single count of [r]obbery for a recommended sentence of 11[4]-228 months in the Department of Corrections, and plead guilty in Westmoreland County to certain felonies for a recommended sentence of 10-20 years[' incarceration] with a five[-]year probation[ary] tail, concurrent to the Armstrong County sentence.

\*\*\*

[Based upon the foregoing, Attorney Jones] . . . advised [Appellant] to accept the plea offers[.]

\*\*\*

[Ultimately, on January 3, 2023, Appellant pled guilty to robbery - serious bodily injury.2] The court in Armstrong County followed the District Attorney's recommendation [and sentenced Appellant to an aggregate term of] 114-228 months' incarceration.]

PCRA Court Opinion, 2/14/24, at 1-3 (footnotes added).

On June 15, 2023, Appellant filed a *pro se* PCRA petition, alleging that his trial counsel provided ineffective assistance. More specifically, Appellant claimed that trial counsel failed to file a timely suppression motion and that

---

[1] In July 2021, Appellant was charged *via* criminal information in Westmoreland County with, *inter alia*, aggravated assault, at trial court docket number CP-65-CR-0001834-2021. **See** Appellant's Brief at 16, n.4; **see also** N.T. Evidentiary Hearing, 2/7/24, at 11.

[2] 18 Pa.C.S.A. § 3701(a)(1)(i).

his guilty plea was invalid because trial counsel erroneously advised him that he was a repeat felony offender. On August 30, 2023, the PCRA court appointed counsel. Rather than filing an amended PCRA petition on Appellant's behalf, PCRA counsel filed a *Turner/Finley*[3] no-merit letter, as well as a petition to withdraw as counsel. The PCRA court, however, denied counsel's request and scheduled an evidentiary hearing on Appellant's petition.

On February 7, 2024, the PCRA court convened an evidentiary hearing, during which Attorney Jones and Appellant testified. In particular, Attorney Jones discussed the circumstances of his representation of Appellant, including the fact that his law firm worked with the district attorneys of both Armstrong County and Westmoreland County to secure plea agreements that would ultimately result in Appellant's sentences in both counties running concurrent to each other. Appellant, however, testified that he did not actually enter a guilty plea in Westmoreland County. On February 14, 2024, the PCRA court issued an order denying Appellant's petition. This timely appeal followed.

Appellant raises the following issue for our consideration.

> Whether the [PCRA] court erred in finding trial counsel was not ineffective for inducing [Appellant] into entering a plea where the record reflects trial counsel did not recall discussions concerning a suppression motion, its withdrawal, and whether [Appellant] understood the impact of entering a plea?

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *see also Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's Brief at 7 (unnecessary capitalization and footnote omitted).

Herein, Appellant argues that trial counsel's ineffectiveness caused him to enter an invalid guilty plea. Our standard of review for a challenge to the dismissal of a petition filed pursuant to the PCRA is well-settled.

> [W]e must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this [C]ourt applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Importantly,

> [I]n order to obtain relief based on an [ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Trial counsel is presumed to be effective, and [an a]ppellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.
>
> The right to constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where

- 4 -

the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.  Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

[Central] to the question of whether a defendant's plea was entered voluntarily and knowingly is the fact that the defendant know[s] and understand[s] the nature of the offenses charged in as plain a fashion as possible.  A guilty plea is not a ceremony of innocence, it is an occasion where one offers a confession of guilt.  Thus, a trial judge and, by extension, plea counsel is not required to go to unnecessary lengths to discuss every nuance of the law regarding a defendant's waiver of his right to a jury trial in order to render a guilty plea voluntary and knowing.

*Commonwealth v. Barndt*, 74 A.3d 185, 192-193 (Pa. Super. 2013)

(cleaned up; quotation marks and citations omitted).

Moreover,

[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing.  He bears the burden of proving otherwise.

* * *

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies.  A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

* * *

A defendant who elects to plead guilty has a duty to answer questions truthfully.  We cannot permit a defendant to postpone

- 5 -

the final disposition of his case by lying to the court and later
alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011)
(citation omitted). "The law does not require that the defendant be pleased
with the outcome of his decision to enter a plea of guilty: All that is required
is that his decision to plead guilty be knowingly, voluntarily, and intelligently
made." *Commonwealth v. Timchak*, 69 A.3d 765, 770 (Pa. Super. 2013)
(internal citations and brackets omitted).

On appeal, Appellant challenges the validity of his guilty plea. Appellant
states:

> Trial counsel was ineffective in inducing [Appellant] into entering
> a plea where the record reflects that trial counsel did not recall
> discussions concerning a suppression motion, its withdrawal, and
> whether [Appellant] understood the impact of entering a plea [*i.e.*,
> it would prevent him from pursuing issues of suppression].

Appellant's Brief at 13. Appellant's claim fails.

At the outset, we note that Appellant's *pro se* PCRA petition stated,
verbatim:

> [First Amendment] right to effective assistance of counsel;
> ineffective assistance of counsel.
>
> Counsel failed to timely raise meritorious suppression issues in
> timely omnibus pre-trial motion.
>
> Affidavits have conflicting sworn testimony; unlawful search
> executed prior to warrants being issued/applied for.
>
> [Appellant] entered a plea under improper advisement that he
> was a repeat violent offender when he ha[d] no more than [one]
> violent crime.

Appellant's *Pro Se* PCRA Petition, 6/15/23, at 4 (unnecessary capitalization omitted). Hence, the allegations contained within the *pro se* PCRA petition were limited to Appellant's contentions that trial counsel was ineffective for failing to file a suppression motion and that Appellant entered a guilty plea involuntarily because trial counsel wrongly informed him that he was a repeat offender. **See** Motion to Withdraw, 9/5/23, at 2; **see also** Appellant's *Pro Se* PCRA Petition, 6/15/23, at 4. Because Appellant's *pro se* petition did not expressly link suppression issues to trial counsel's alleged ineffectiveness in the inducement of Appellant's guilty plea, the issues raised on appeal are waived.[4] **See** Pa.R.Crim.P. 902(B) (explaining that, under the PCRA, a petitioner must set forth "[e]ach ground relied upon in support of the relief requested" and the "[f]ailure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for [PCRA] relief"); **see also Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) (internal citations omitted) (explaining that "a claim not raised in a PCRA petition cannot be raised for the first time on appeal").

Even if we were to read Appellant's *pro se* petition as including an allegation that Appellant entered an unlawful plea because trial counsel failed

---

[4] As we stated above, PCRA counsel proceeded on the allegations contained within Appellant's *pro se* filing and neither amended nor supplemented his submission before the PCRA court. **See Commonwealth v. Crawford**, 2020 WL 3078060 *1, *3 (Pa. Super. 2020) (non-precedential decision) (holding that the appellant's claim of ineffective assistance of counsel was waived because it was not included in his initial PCRA petition or an amended PCRA petition).

to file, or improperly withdrew, a suppression motion and further failed to explain the ramifications of entering a guilty plea on his ability to litigate a pre-trial suppression motion, we still would conclude that Appellant is not entitled to relief on the merits of his claim. First, it is important to note that, during the evidentiary hearing, Attorney Jones testified about his efforts to inform Appellant of the ramifications of entering a guilty plea, specifically regarding potential issues of suppression. The exchange is relevant.

> [PCRA counsel]: As far as the actual plea[,] you were involved when the plea was taken, correct?
>
> [Attorney Jones]: Yes ma'am.
>
> [PCRA counsel]: In filling out the plea colloquy[,] did you discuss the issue of the suppression [motion] and that [Appellant] would be waiving any suppression issues if it moved forward?
>
> [Attorney Jones]: Specifically, no. Generally speaking, in my years of practice that is something that we routinely say. Specifically I do [not] remember saying that.

N.T Hearing, 2/7/24, at 8. The foregoing demonstrates that, even though Attorney Jones did not recall the specifics of his conversation with Appellant, it was his routine practice to inform his clients that, by entering a guilty plea, any potential efforts to suppress evidence would no longer be viable. Second, a review of the certified record reveals that, prior to entering his guilty plea, Appellant signed a guilty plea statement, wherein he agreed, *inter alia*, that he knowingly surrendered his "pre-trial rights," including the right to file pre-trial motions, "such as motions to keep out or 'suppress' evidence." Guilty Plea Statement, 1/4/23, at 5. Importantly, Appellant is bound by the

statements he made during his written guilty plea colloquy. *See Yeomans*, *supra*. Based upon the foregoing, we conclude that Appellant's guilty plea was made knowingly, voluntarily, and intelligently and he, therefore, is not entitled to relief.

Before we conclude, however, we briefly address Appellant's contention that the PCRA court erred in finding that Attorney Jones had a reasonable basis to advise Appellant to forgo any claims of suppression and, instead, enter the instant guilty plea. *See* PCRA Court Opinion, 2/14/24, at 4 ("Counsel's action in recommending the plea did, in fact, effectuate [Appellant's] best interests."); *see also Commonwealth v. Rainey*, 928 A.2d 215, 224 (Pa. 2007) (explaining that an appellant's failure to meet any prong of the test for ineffective assistance of counsel will defeat an ineffectiveness claim). On appeal, Appellant recognizes that, prior to entering his guilty plea, Attorney Jones and his firm worked with prosecuting attorneys in both Armstrong County and Westmoreland County to reach an understanding where Appellant would enter guilty pleas in both counties in exchange for concurrent sentences on all pending charges. Appellant claims that, in view of this understanding, Attorney Jones advised him to enter his guilty plea in Armstrong County. Appellant, however, avers that a review of the "docket in Westmoreland County" reveals that a plea was not "entered anytime near the time of the Armstrong County plea." Appellant's Brief at 18. Accordingly, Appellant contends that his failure to "[enter] a plea agreement in Westmoreland County" undercut[] Attorney Jones's basis for recommending

the entry of a guilty plea in this case and, in turn, nullifies the PCRA court's finding. *Id.*

Upon review, we reject Appellant's contention that Attorney Jones's advice to plead guilty herein fell wholly outside "the range of competence demanded of attorneys in criminal cases." *Commonwealth v. Timchack*, 69 A.3d 765, 769 (Pa. Super. 2013) (citation omitted). Importantly, at the evidentiary hearing, Attorney Jones provided the following testimony regarding the potential plea agreement in this case, as well as the matter in Westmoreland County.

> [District Attorney]: Mr. Jones, you had mentioned a case pending in Westmoreland County?
>
> [Attorney Jones]: Yes ma'am.
>
> [District Attorney]: Was it your understanding, at the time of entering the plea, that both my office and the Westmoreland County District Attorney's Office were in agreement that we could run this case, which was a robbery case, concurrently with the Westmoreland County case, which was an aggravated assault, discharging [a] firearm into [an] occupied vehicle and possession of a firearm prohibited case?
>
> [Attorney Jones]: I thought that this case started as an attempted homicide if I am not mistaken[.] I actually have an email from Anthony Iannarelli. … He is the [District Attorney] I was referring to in Westmoreland County. It is dated Tuesday, November 1, 2022. It states: "All: The plea agreement is below. I have modified it to be 10 to 20 years with [five] years consecutive probation. As we discussed, this sentence can run concurrent with the Armstrong County sentence that [District Attorney] Charlton offered. I believe you should plea in Armstrong first to facilitate this. Once this is done, let me know and we can arrange a time for him to get in front of [the Honorable] Bilik Defazio for a plea. We can email her staff and make that happen quickly." I believe that answers your question. We were – my office was working diligently, quite

- 10 -

frankly, to run the case in this county with the case in Westmoreland County, which we thought it might be a challenge but we were able to get it done.

[District Attorney]: You got both district attorney's offices on board with that?

[Attorney Jones]: Yes ma'am. That is correct.

[District Attorney]: And in doing so your client would have served a 10 to 20 year sentence in Westmoreland County? Is that what that said? 10 to 20 years?

[Attorney Jones]: It is a little confusing, but that is what it says. "I have modified it to be 10 to 20 years with [five] years consecutive probation."

[District Attorney]: So 10 to 20 years but that is to be concurrent with the Armstrong County case?

[Attorney Jones]: Yes ma'am.

[District Attorney]: Which in this case [Appellant] pled to I think it was 114 months?

[Attorney Jones]: That is what I have on the sentencing order I referred to a moment ago. 114 months to 228 months [incarceration].

[District Attorney]: In fact, that was the plea and what he was sentenced to in this county?

[Attorney Jones]: Yes ma'am. You asked me a moment ago about this county working with Westmoreland County. In my 20 years of practicing law I do [not] think that I have ever had that happen, where I had two different county [district attorneys] agree to run a sentence concurrent. We were actually excited and happy about it. We being my office.

[District Attorney]: You were excited because that was a huge benefit to your client?

[Attorney Jones]: Yeah, because there is no reason that the nature of these cases should run concurrent. In my experience; when you have cases that deal with violence and recidivism – and I believe that [Appellant's] record is a[ repeat felony offender].

[District Attorney]: He came in here as a repeat felon?

[Attorney Jones]: According to what we have.  It is challenging. We were excited about it.  We expressed that to [Appellant] that we thought we did a very nice job for him.

N.T. Evidentiary Hearing, 2/7/24, at 11-13.

The foregoing reveals that, when Attorney Jones recommended the instant plea deal, Appellant had the opportunity to enter guilty pleas in two counties, where multiple violent felony charges were pending against him. Indeed, in the instant case, Appellant's original charges included, *inter alia*, "robbery, aggravated assault, [and] burglary."  PCRA Court Opinion, 2/14/24, at 2 (unnecessary capitalization omitted).  The charge of robbery alone carries a maximum penalty of 20 years' incarceration.  ***See*** 18 Pa.C.S.A. § 3701(b)(1) (explaining that robbery under subsection (a)(1)(i) constitutes a felony in the first degree); ***see also*** 18 Pa.C.S.A. § 1103(1) ("In the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years.").  Importantly, Appellant does not claim that the understanding about concurrent sentences on charges lodged in Armstrong County and Westmoreland County did not exist.  Instead, Appellant argues that his ultimate failure to enter a guilty plea in Westmoreland County compels a finding of ineffective assistance of counsel.  Even if Appellant did not ultimately enter a guilty plea to the charges against him in Westmoreland County, however, we cannot say that Attorney Jones was ineffective in his recommendation.  To the contrary, we agree with the PCRA court's assessment that, based upon the information available to Attorney Jones at

the time Appellant pled guilty herein, Attorney Jones "served [Appellant's] best interests by securing a sentence far less than his potential aggregated sentence." PCRA Court Opinion, 4/9/24, at 2.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/25/2024