J-S21010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :         PENNSYLVANIA
                                       :
             v.                           :
                                       :
                                       :
KIYOHN CARROLL                     :
                                       :
           Appellant            :    No. 2143 EDA 2024

Appeal from the PCRA Order Entered May 23, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004235-2016

BEFORE:   KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:         **FILED AUGUST 21, 2025**

Kiyohn Carroll appeals from the order denying his first petition filed

pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-9546. We

affirm.

The PCRA court summarized the pertinent facts as follows:

> The Complainant S.L. was 19 years old at the time of the offense.
> The [C]omplainant would have testified that in the evening hours
> of February 25, 2016, he was outside his home . . . in Philadelphia
> when he was approached by [Carroll] who was in his car.
> Complainant got into [Carroll's] car and at the time [Carroll] did
> have a firearm in the car. [Carroll] drove the Complainant . . . to
> New Jersey and they ended up in a hotel. There was some
> unlawful sexual and physical contact at that hotel later on, and
> the gun was also in the hotel room. Complainant was retuned to
> his home . . . in the early morning of the next day.

---

[*] Retired Senior Judge assigned to the Superior Court.

PCRA Court Opinion, 8/19/24 at 2 (citations omitted).[1]

Following his arrest, the Commonwealth charged Carroll with rape, involuntary deviate sexual intercourse, kidnapping, firearms not to be carried without a license, and related charges. On December 12, 2017, Carroll entered a negotiated *nolo contendere* plea to kidnapping and the firearm violation. That same day, the trial court imposed an aggregate sentence of three to six years of imprisonment and a ten-year probationary term. Carroll did not file a direct appeal.

On November 6, 2018, Carroll filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on June 25, 2019, and an evidentiary hearing was scheduled in May 2020. Thereafter, Carroll expressed his displeasure with counsel, and counsel was permitted to withdraw. New PCRA counsel was appointed and the evidentiary hearing was rescheduled for October 20, 2023. On that date, however, PCRA counsel filed an amended PCRA petition on Carroll's behalf. The Commonwealth filed its answer on April 16, 2024. Ultimately, the PCRA court held an evidentiary

_____

[1] The PCRA court stated that these facts were summarized from Carroll's *nolo contendere* plea proceeding on December 12, 2017, and the court provides citation to this transcript. However, the December 12, 2017 transcript that appears in the certified record does not correspond to the citations given, but rather only states that: "Previously [Carroll] pled guilty and was sentenced." N.T., 12/12/27, at 4. The rest of the transcript concerned an incident involving Carroll and another prison inmate. **See** *id.* at 4-11. The Commonwealth also asserts that a transcript of the plea hearing does not appear in the record. Commonwealth's Brief at 1 n.1.

hearing on May 23, 2024, at which Carroll and plea counsel testified. At the conclusion of this hearing, the PCRA court denied Carroll's amended petition. This appeal followed. Both Carroll and the PCRA court have complied with Appellate Rule 1925.

Carroll raises the following two issues on appeal:

I.    Whether the [PCRA] court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

II.   Whether [plea] counsel was ineffective for causing [Carroll] to enter an involuntary or unknowing plea.

Carroll's Brief at 7.

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

In support of both of his issues, Carroll asserts plea counsel's ineffectiveness caused him to enter an unlawful plea. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a

sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Regarding claims of ineffectiveness in relation to the entry of a plea, we note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea would serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

- 4 -

***Commonwealth v. Kelley***, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

***Id.*** On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Here, Carroll essentially argues that plea counsel was ineffective for advising him to plead *nolo contendere* to the firearm charge, even though he had a valid Florida license to carry the firearm at issue. According to Carroll, he had a valid license from the State of Florida and plea counsel's misrepresentation that his license was invalid in Pennsylvania induced him to accept the Commonwealth's plea offer.

The arguable merit of Carroll's ineffectiveness claim depended on whether Carroll could sufficiently establish that he was a Florida resident at the time of his arrest. As the PCRA court explained:

[Carroll] testified that he received his Florida concealed carry permit in 2012. In 2013, the then Attorney General of Pennsylvania closed what was referred to as the "Florida Loophole." The Loophole essentially allowed [Pennsylvania] residents to acquire concealed carry permits in Florida without any proof of residency. At issue in this matter, is whether [Carroll] was ever a resident of Florida.

PCRA Court Opinion, 8/19/24 at 4 (citations and footnote omitted).

The PCRA court summarized Carroll's testimony at the evidentiary hearing as follows:

At the evidentiary hearing, [Carroll] testified that he was a Florida resident at the time of his arrest and that he was not using dual residence at the time. [He] further claimed that he had not used a Pennsylvania ID in years. Further, [Carroll] testified that although Florida was his base, he traveled around a lot. [He] could not state how long he had been in Pennsylvania or how many visits he had taken to Pennsylvania in the months leading up to his arrest. [Carroll] testified that he had been in Pennsylvania for about three weeks to two months, but he was not sure. [Carroll] denied giving a Philadelphia address to the police at the time of his arrest in March 2016.

[Carroll] also testified that he did not remember being interviewed by a pretrial services officer and that [Carroll's] mother verified that he was living at the Philadelphia address. [He] agreed that all the phone numbers associated with him were Pennsylvania numbers. [Carroll] could not remember when he moved to Florida, but he stated that it was probably around the time he got the Florida license. [He] testified that the Florida address he lived at was rented for him by someone else, however, he did not provide the name of said person. [Carroll] also testified that he did not live there with anyone, but later stated that he did not have any utility bills in his name because "I was living there with someone."

Also, [Carroll] testified that he received a non-driver Florida ID license sometime in 2012 and although he was not sure why he also got a Pennsylvania ID in February of 2012, he stated that it was: "probably for stuff up here I need to do. That's probably more likely. If something I had to deal with up here, I probably

had to get the Pennsylvania ID." Furthermore, [Carroll] testified that he worked for himself and did not have any paystubs.

PCRA Court Opinion, 8/19/24, at 4-5 (citations omitted).

At the close of the evidentiary hearing, the PCRA court stated that it was going to dismiss Carroll's PCRA petition and informed Carroll directly that the court did not find him credible. The PCRA court stated:

> I'm going to dismiss the PCRA [petition]. [Carroll] you were not credible. You did not convince the Court at all that you were forced [to enter a plea] in any way. You're an opportunist. You took an opportunity to cut your losses, period. I reviewed the colloquy from the plea that was taken on . . . December 12th of 2017. You have not challenged the colloquy, and there's nothing wrong with the colloquy. You knew what you were doing. The matter is dismissed.

N.T., 5/23/24, at 48. The court later reiterated: "I want to be really clear. This is purely credibility, which is the reason for the Court' decision." *Id.* at 49.

In its Rule 1925(a) opinion, the PCRA court explained why it rejected Carroll's testimony, and why Carroll's ineffectiveness claim lacked merit, given that Carroll did not have a defense against the firearm violation:

> Given the totality of the evidence, the Court found [Carroll's] testimony to be dubious. [He] could not point to any solid record or evidence that supports his testimony that he was a resident of Florida at the time he obtained the concealed carry license. Further, [Carroll's] mother verified that he lived in Philadelphia, and [Carroll] himself gave his Philadelphia address to both the police and the pretrial services officer. It might well be true that [Carroll] travelled around a lot, however, [Carroll] was a resident of Pennsylvania who took advantage of the Florida loophole to obtain a license he could probably not have obtained in Pennsylvania.

After the then Attorney General of Pennsylvania closed the loophole, [Carroll] was required to take further steps as a Pennsylvania resident to make the license valid in Pennsylvania. [He] did not take such steps, therefore, at the time of [Carroll's] arrest, [he] had an invalid concealed carry license from Florida. Consequently, [Carroll's ineffectiveness] claim is meritless, and [he] is not entitled to relief.

PCRA Court Opinion, 8/19/24, at 6.

Our review of the record supports the PCRA court's conclusion. *Yeomans*, *supra*. As a matter of credibility, the PCRA court did not believe Carroll's testimony. We cannot disturb this determination. *See Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal).

Moreover, although the trial court's oral *nolo contendere* colloquy does not appear in the certified record, Carroll does not challenge its sufficiency on appeal. The written colloquy that Carroll completed does appear in the record and includes a Philadelphia address for him. Thus, because we agree that Carroll's claim of plea counsel's ineffectiveness lacks arguable merit, we affirm the PCRA court's order denying him post-conviction relief.[2]

---

[2] Although not necessary for our disposition, we wholeheartedly agree with the PCRA court's additional conclusion that, "given the lengthy sentence (27 years in prison, $32,000 fine, and possibly being a lifetime registrant under Megan's Law) [Carroll] would have faced had he been convicted at a jury trial, [Carroll] most definitely received and entered into a reasonable plea agreement with the Commonwealth." PCRA Court Opinion, 8/19/24, at 7.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>8/21/2025</u>