J-S06009-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY MICHAEL MCCLEAD | : | |
| | : | |
| Appellant | : | No. 380 WDA 2025 |

Appeal from the PCRA Order Entered February 25, 2025
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000281-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY MICHAEL MCCLEAD | : | |
| | : | |
| Appellant | : | No. 690 WDA 2025 |

Appeal from the PCRA Order Entered February 25, 2025
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000004-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY M. MCCLEAD | : | |
| | : | |
| Appellant | : | No. 691 WDA 2025 |

Appeal from the PCRA Order Entered February 25, 2025
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000419-2021

J-S06009-26

BEFORE: KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: June 8, 2026**

Gregory McClead appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The present appeal involves two separate dockets.[1] The facts and procedural history regarding both dockets may be summarized as follows:

At docket CP-30-CR-4-2022, McClead pled guilty, on March 7, 2022, to two counts of contraband after his wife arranged to have a third person throw a package of drugs over the fence and into the prison yard. Thereafter, the trial court imposed an aggregate sentence of 2 to 5 years of incarceration. This sentence was imposed consecutively to the sentence McClead was then serving at a previous docket. **See** n.1.

At CP-30-CR-419-2021, McClead pled guilty, on September 13, 2022, to aggravated assault, burglary, and related charges after he broke into an auto parts store, the owner confronted him with a gun, and the two men struggled over the weapon. Thereafter, the trial court imposed an aggregate

_____

[*] Former Justice specially assigned to the Superior Court.

[1] McClead filed a third appeal at CP-30-CR-281-2021, which involved a guilty plea to receiving stolen property and related charges, which he entered on October 13, 2021. Thereafter, the trial court sentenced McClead to an aggregate sentence of 4 to 8 years. At the PCRA hearing, the Commonwealth argued that McClead's petition filed at this docket was untimely and McClead did not plead any time-bar exception. McClead concedes this fact in his brief and states that the present appeal only involves the two dockets enumerated above. **See** McClead's Brief at 9.

- 2 -

sentence of 6½ to 13 years of incarceration.  This sentence was to be served consecutively to any other sentence he was then serving.

McClead did not file a direct appeal at either docket.  Rather, at each docket he filed a *pro se* PCRA petition in March 2023.  The PCRA court appointed counsel; PCRA counsel did not file an amended petition.  The PCRA court held an evidentiary hearing, where both McClead and plea counsel testified.  By order entered February 25, 2025, the PCRA court denied McClead's petition.  This appeal followed.  The PCRA court did not require Appellate Rule 1925 compliance.

McClead raises the following three issues on appeal:

1. Did the PCRA Court abuse its discretion or commit an error of law when it failed to find that [McClead's] medication interfered with [McClead's] ability to knowingly, intelligently and voluntarily enter his plea?

2. Did the PCRA Court abuse its discretion or commit an error of law by not finding that [McClead's plea] counsel was ineffective upon failing to withdraw his plea upon request?

3. Did the PCRA Court abuse its discretion or commit an error of law by not finding that [McClead's plea] counsel was ineffective for failing to seek recusal of the District Attorney's Office as former legal counsel of [McClead].

McClead's Brief at 8.[2]

_____

[2] As stated, McClead's first issue would be waived under the PCRA because McClead could have raised it on direct appeal.  42 Pa.C.S.A § 9544(b).  At the PCRA hearing, as part of his claim that his plea was not valid, McClead asserted that plea counsel should have been aware that he could not understand the proceeding because of his medications.  Moreover, McClead's argument in support of this issue is made in terms of plea counsel's ineffectiveness. *(Footnote Continued Next Page)*

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

All three of McClead's issues involve a claim of plea counsel's ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." **Id.** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. **Id.** at 533.

With respect to guilty pleas, we further note that:

> Allegations of ineffectiveness in connection with the entry of a guilty plea would serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary

Finally, because the PCRA court addressed McClead's issue as raising an ineffectiveness claim, we will not find waiver, but will review the merits of the ineffectiveness claim.

or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Moreover, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing," and "[h]e bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citations omitted).

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. *Id.* On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011).

In support of his first issue, McClead asserts that, at the time of the plea proceedings, he informed plea counsel "of the medication and their effect on him. However, neither counsel nor the trial judge made any further inquiry into the voluntariness of the plea." McClead's Brief at 17. McClead further asserts that while the PCRA court "determined that [McClead] lacked credibility in asserting his lack of capacity, of note the trial court never indicated it inquired with him specifically about the voluntariness of his plea – only that the trial court spoke with [McClead] about his prior plea." *Id.* According to McClead, "the trial court wanted 'telltale' signs of incapacity instead of simply conducting the proper colloquy." *Id.* (footnote omitted). Stated differently, McClead argues that "while the [PCRA] court frames this determination as a subjective analysis into [his] claims, its objective that the proper inquiry was never made." *Id.* McClead's claim fails.

Here, the PCRA rejected McClead's claim, concluding that McClead fully participated during his guilty plea colloquy. The court further noted that it is McClead, not the court, that wanted a subjective analysis applied to his claim that prescription medications interfered with his ability to enter a knowing, intelligent, and voluntary plea. The court explained:

> [McClead] indicates that [plea] counsel was somehow ineffective when [McClead] was permitted to enter his guilty plea while on prescription medication. We disagree. [McClead] entered a negotiated plea agreement on September 13, 2022. He was sentenced on that date consistent with the agreement of the parties. [McClead] indicated that on that date he was on prescription medication and that, months after his plea and when he was in custody of the Department of Corrections, he realized that the medications that he was taking at the Greene County

- 6 -

Prison had a significant effect on him. At the time of his PCRA testimony, he advanced the theory that the prescription medications rendered him incapable of understanding questions put to him at the time of his plea. [McClead] now asserts that his plea was not a voluntary and intelligent waiver of his right to trial.

In addition to presiding over the PCRA hearing, the Court also presided over the September 13, 2022 guilty plea colloquy in this case, it has been transcribed, and we have reviewed that colloquy. The Court, in interacting with [McClead], had no qualms whatsoever with regard to [McClead's] ability to understand. In fact, a review of the colloquy would reveal that [McClead] fully participated in, and at times, informed the Court, of details with regard to sentences from [McClead's] earlier pleas.

Also, in hearing the testimony of [McClead] during his PCRA hearing, he indicated that although he was medicated and although he was feeling the effects of this medication, [McClead] indicated that there was no telltale signs that would cause an observer to recognize that [he] was under the adverse influence of any medication such that he was incapable of understanding his plea.

In applying what is generally a reasonable man standard it would be unreasonable to apply a subjective rather than objective standard with regard to [McClead's] ability to understand. That is, [McClead] admits that his behavior was not such that anyone, to include the Court or [plea counsel], would be able to discern that [McClead] was confused by the medication. Therefore, any request for PCRA relief as it relates to an involuntary plea is DENIED.

The record does not support [McClead's] claim that he received ineffective assistance of counsel as there would have been no basis for [plea counsel] to know that [McClead] was confused by his ingestion of prescription medications. Also, [McClead's] behavior at the time of sentencing demonstrated his knowledge and capacity to understand that he voluntarily made an informed decision with regard to waiving his right to trial.

PCRA Court Order, 2/25/25, at 1-3.

Our review of the plea hearing transcript supports the PCRA court's conclusions. McClead fully participated in an extensive oral colloquy with the

court and acknowledged that he was voluntarily entering his guilty plea. **See** N.T., 9/13/22, at 32-38. McClead is bound by these answers. **Pollard**, **supra**.

At the PCRA hearing, McClead first called plea counsel. In response to questions posed by PCRA counsel, plea counsel testified that he did recall asking McClead if he was under the influence of drugs or medications and that McClead responded that he was "clear-thinking and was capable of rendering his decisions." N.T., 2/18/25, at 16. Plea counsel further testified that he was not aware that McClead had been taking psychotropic drugs. **Id.** at 20.

Upon cross-examination, plea counsel acknowledged that counsel had no indication that McClead "was not comprehending what [plea counsel] was telling him in terms of the case," and there was no indication "of any type of mental illness or psychiatric medication" that would impair McClead's "ability to comprehend" plea counsel. **Id.** at 25.

As to credibility of the witnesses at the PCRA hearing, the PCRA court believed trial counsel's version of the contested facts. We cannot disturb this determination. **See Commonwealth v. Harmon**, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal).

Moreover, at the PCRA hearing McClead presented no proof that he was prescribed any medication at the county prison, let alone any medication that would have affected his ability to comprehend the proceeding. As mentioned

above, it is McClead's burden to prove his claim of ineffectiveness. **Johnson**,

**supra**. Thus, McClead's first issue warrants no relief.

In his second issue, McClead claims that plea counsel "ignored [his]

request to withdraw his plea after sentencing." McClead's Brief at 20.

According to McClead, plea counsel provided no reason for failing to file the

requested plea withdrawal other than counsel informing him that "the matter

slipped his mind." **Id.** at 21. Thus, McClead asserts that he "was prejudiced

by deprivation of withdrawing his plea upon regaining his faculties." **Id.** No

relief is due.

Here, the PCRA court found that McClead did not prove that plea counsel

ignored his request to withdraw his guilty plea. The court explained:

> In a review of our colloquy, it is clear that the Court advised [McClead] properly of the four (4) areas in which he could attempt to withdraw his plea, and also, the short timeframe of 10 days [in which to file such a motion]. It is also clear that no attempt to withdraw was ever filed.
>
> [Plea counsel] testified that he received no correspondence from [McClead] regarding [McClead's] desire to withdraw his plea of guilty. [Plea counsel] testified that, had he received notice from [McClead] to withdraw, that he would have continued to represent [McClead] and would have attempted to withdraw the plea of guilty.
>
> [McClead testified] that he spoke to [plea counsel] by telephone some time immediately after his plea and sentence on September 13, 2022, and that [plea counsel] indicated that he would submit a withdrawal. [McClead testified] that, 19 days later when he contacted [plea counsel], [plea counsel] indicated that "it slipped his mind, and that it was now too late." We find that testimony to be disingenuous and we find the testimony of [plea counsel] to be credible.

As we have determined that there is credibility in the statement made by [plea counsel], we find that counsel was not ineffective for failing to [file a motion] to withdraw [McClead's] plea of guilty.

PCRA Court Order, 2/25/25, at 5-6.

Our review of the record supports the PCRA court's conclusion. Once again, we cannot disturb the PCRA court's credibility determinations when, as here, they are supported by the record. *Harmon*, *supra*. Thus, McClead's second issue affords him no relief.

In his third and final issue, McClead claims that plea counsel was ineffective for failing to seek the recusal of former District Attorney David Russo. Specifically, he claims "that he was previously represent by DA Russo and that [Mr. Russo's] participation in the criminal matters was inappropriate and a conflict of interest, that is, that DA Russo had information about [McClead] that formed the basis of a bias against [McClead]." McClead's Brief at 21. McClead asserts that "DA Russo represented [him] in the past and should not have been the party assigned to prosecute, presumably to having confidential information about" McClead. *Id.* at 21-22. McClead testified that he told plea counsel of the prior representation, yet counsel did not seek recusal. McClead contends that, had plea counsel sought Mr. Russo's recusal, "he would have received his original deal and the outcome would have been markedly different – that his sentences would run concurrently." *Id.* at 22. Thus, McClead asserts he was prejudiced, and the PCRA court should have granted him a new trial. *Id.* We disagree.

The PCRA court found McClead's ineffectiveness claim lacked arguable merit and, in so concluding, explained why former DA Russo became involved in the guilty plea proceeding. The court stated:

> [McClead testified] that [plea] counsel was somehow ineffective or that he did not receive the benefit of his bargain, due to a conflict of interest with Mr. Russo, the Greene County District Attorney at that time. [McClead] testified at his PCRA hearing that the elected District Attorney had a conflict of interest as Mr. Russo had previously served as Defense Counsel for [McClead] prior to his service as District Attorney.
>
> Fortunately, we have a transcript of [McClead's] plea agreement. During that transcript, it was very clear that the assistant district attorney, Mr. [Darren] Bencosky, stated an offer made by the Commonwealth that would have resulted in an illegal sentence. It is also clear from a review of the 25 pages of transcript that, throughout the discussions, [McClead] was an active participant in the negotiations, and that, when [McClead] ultimately entered a plea of guilty to not less than 6½, nor more than 13 years, he fully understood the plea agreement, fully understood his alternatives, and fully understood that he was gaining the benefit of the withdrawal of the charge of Attempted Criminal Homicide. There is no doubt that his plea of guilty was factually based and that he was fully informed. When Mr. Bencosky needed guidance, Mr. Russo[,] the elected District Attorney[,] appeared in the Courtroom and the plea agreement was finalized on the record.
>
> Certainly, [plea] counsel was not ineffective as the Court now determines that [plea counsel] received no information from any source, to include [McClead], that Mr. Russo had previously represented [McClead], and that Mr. Russo presumably then had a conflict of interest. Also, we fail to see how any potential conflict on the part of Mr. Russo affected [McClead's] ability to make a decision with regard to the plea agreement as offered by the Commonwealth and accepted by [McClead].

PCRA Court Order, 2/25/25, at 4-5. Once again our review of the guilty plea transcript supports the PCRA court's conclusions.

- 11 -

Initially, the PCRA court credited plea counsel's testimony at the PCRA hearing that McClead did not mention to him any prior representation by Mr. Russo, and if he had known, he would have brought it to the trial court's attention. *See* N.T., 2/18/25, at 23. Moreover, as noted by the PCRA court, Mr. Russo did not personally prosecute McClead; rather Mr. Russo only appeared once the assistant district attorney went to inform Mr. Russo that the Commonwealth's original offer, of 78 months (6½ years) to 120 months (10 years) was illegal. *See* 42 Pa.C.S.A. § 9756(b)(1) (providing that the minimum sentence cannot be more than one half of the maximum); *see also* N.T., 9/13/25, at 22-23 (Mr. Russo appears at the hearing and states 6½ years was the lowest minimum the Commonwealth would accept). Moreover, our review of the record refutes McClead's claim that the Commonwealth would consider concurrent sentences with the other two dockets. Finally, we note that, on direct examination by PCRA counsel, McClead acknowledged that plea counsel "fought for [him]," and that McClead's claims regarding misrepresentation actually involved only Mr. Russo. N.T., 2/18/25, at 33. Thus, for all of these reasons, McClead's third issue fails.

In sum, our review of the record supports the PCRA court's conclusions that McClead's three claims of plea counsel's ineffectiveness lack merit. We therefore affirm the PCRA court's order denying McClead post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/08/2026